CHARLES R. MCDANELD, APPELLANT, V.
TIM FISCHER, M.D., AN INDIVIDUAL, AND
HOLMES LAKE FAMILY HEALTH CENTRE, P.C., APPELLEES.

589 N.W.2d 172

Filed February 16, 1999. No. A-97-777.

Sandra Hernandez Frantz for appellant.

William M. Lamson, Jr., and William R. Settles, of Kennedy Holland DeLacy & Svoboda, for appellees.

IRWIN, Chief Judge, and HANNON and SIEVERS, Judges.

SIEVERS, Judge.

The statement "The action shall stand dismissed without prejudice as to any defendant not served within six months from the date the petition was filed" is found in Neb. Rev. Stat. § 25-217 (Reissue 1995). We discuss how such a dismissal occurs and its effect in determining whether the statute of limitations bars the filing and service of an amended petition when 6 months has run without service of the original petition.

## BACKGROUND

On October 26, 1992, Charles R. McDaneld was treated for an injury to his right great toe and foot by Dr. Tim Fischer at the

Holmes Lake Family Health Centre, P.C. (Centre), in Lincoln, Nebraska. His treatment continued through March 1993 at the Centre, but the details of that treatment are not relevant to the issues on appeal.

On January 31, 1995, McDaneld filed a petition against Fischer and the Centre in the district court for Lancaster County, Nebraska, alleging that Fischer was negligent in his treatment of McDaneld's toe and foot. The petition was not served upon the parties within 6 months of its filing, as referenced in § 25-217.

On May 31, 1996, McDaneld filed an amended petition in the same case at the same district court docket and page number as the original petition. The amended petition was served upon both Fischer and the Centre, and it alleged malpractice arising out of the same treatment of McDaneld's toe and foot as the original petition. Our reference hereinafter to Fischer shall encompass both Fischer and the Centre. The amended petition also stated that Fischer's last "negligent" act occurred in March 1993. Service of the amended petition provided Fischer with first notice of the lawsuit.

Fischer initially filed a demurrer to McDaneld's amended petition on July 2, 1996, alleging that the action was barred by the 2-year statute of limitations for professional negligence found in Neb. Rev. Stat. § 44-2828 (Reissue 1998). In a minute entry dated September 26, 1996, the district court refused to take judicial notice of the absence of service of the original petition and overruled Fischer's demurrer, stating on the docket sheet, "The issue presented here might more appropriately be raised by motion for summary judgment."

Fischer filed a motion for summary judgment on December 9, 1996, once again alleging that McDaneld's action was barred by the statute of limitations for professional negligence found at § 44-2828. At the time of the hearing on the motion for summary judgment, the trial court took judicial notice of the pleadings in the court file, including the return of service on McDaneld's amended petition. In an order filed June 4, 1997, the district court granted Fischer's motion for summary judgment. The court reasoned:

> This medical malpractice case was filed by plaintiff on January 31, 1995. The defendants were not served within

the six-month period required by Neb. Rev. Stat. § 25-217. Consequently, the action stood dismissed as to these defendants who were not served within six months from the date the Petition was filed.

The court concluded that the dismissal of the original petition "by operation of law," under § 25-217, had the effect of making the amended petition a "nullity." However, the court noted that if the amended petition was treated as an attempt by McDaneld to initiate a new action, it was filed outside the 2-year statute of limitations governing professional negligence suits. The trial court dismissed the action, and McDaneld appeals to this court.

## ASSIGNMENT OF ERROR

McDaneld argues that the trial court erred in granting the motion for summary judgment based on § 25-217.

## STANDARD OF REVIEW

When reviewing an order granting a motion for summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. The question on such review is not how a factual issue is to be decided, but whether any real issue of genuine fact exists. *Ratigan v. K.D.L., Inc.*, 253 Neb. 640, 573 N.W.2d 739 (1998).

## ANALYSIS

Summary judgment is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Deprez v. Continental Western Ins. Co.*, 255 Neb. 381, 584 N.W.2d 805 (1998).

McDaneld's original petition, although filed with the district court on January 31, 1995, was never served on either Fischer or the Centre. Fischer argues that because he and the Centre were never served, McDaneld's action was not "commenced" and was dismissed by "operation of law" on July 31, 1995. Section 25-217 provides: "An action is commenced on

the date the petition is filed with the court. The action shall stand dismissed without prejudice as to any defendant not served within six months from the date the petition was filed."

Fischer asserts that the filing of the amended petition on May 31, 1996, which was served, was really the "commencement" of McDaneld's cause of action. Thus, because the amended petition was not filed within 2 years of the "alleged act or omission in rendering or failing to render professional services," § 44-2828, it was barred by the statute of limitations.

■ McDaneld, citing *Kennedy v. Potts*, 128 Neb. 213, 258 N.W. 471 (1935), argues that because his original petition was timely instituted, his amended petition, based on the same cause of action, although filed after the running of the statute of limitations, is not barred. In *Kennedy*, the Nebraska Supreme Court ruled that when an original action is timely instituted, an amended petition, which is filed after the running of the statute of limitations and which is merely declaring on the same cause of action, is not barred by limitations. What distinguishes *Kennedy* from this case is that in *Kennedy*, the lawsuit was apparently fully instituted by service of the original petition.

The instant case turns on the language in § 25-217. The district court agreed with Fischer's interpretation of the statute and reasoned: "The original Petition . . . having been dismissed by operation of law on July 31, 1995, requires no further action, orders, or docket sheet entries by this Court to effect a further dismissal of the case. It has already been dismissed." McDaneld's theory, of necessity, rests on the proposition that the original petition was not automatically dismissed on July 31, 1995, but remained viable until he filed his amended petition on May 31, 1996. Thus, we must determine the status of the petition as of July 31, 1995, as well as the meaning of the statutory language, "shall stand dismissed," when the defendant is not served within 6 months from when the petition was filed.

■ When construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute, it being the court's duty to discover, if possible, the Legislature's intent from the language of the statute itself. See *In re Interest of M.J.B.*, 242 Neb. 671, 496 N.W.2d 495 (1993). However, the

law is that when statutory language is ambiguous and must be construed, recourse should be had to the legislative history for the purpose of discovering the lawmakers' intent. *Pearson v. Lincoln Telephone Co.*, 2 Neb. App. 703, 513 N.W.2d 361 (1994). While § 25-217 says the action "shall stand dismissed," the statute fails to delineate how such a dismissal occurs. The possibilities include upon motion and order or upon the court's own motion. Another possibility is that no formal dismissal need be entered, since the action is dismissed with or without a trial court order by passage of time when there is no service of process. Because the statute is silent on the procedure for a dismissal under § 25-217, we consider the legislative intent.

 To ascertain the intent of the Legislature, a court may examine the legislative history of the act in question. *Southern Neb. Rural P.P. Dist. v. Nebraska Electric*, 249 Neb. 913, 546 N.W.2d 315 (1996). Although at one time § 25-217 provided that an action was deemed commenced as of the date the summons was served upon the defendant, see § 25-217 (Reissue 1975), in 1979, it was amended to provide that an action was deemed to have been commenced "on the date the petition is filed with the court if proper service is obtained within six months of such filing," see § 25-217 (Reissue 1979). See, also, *Hamilton v. Hamilton*, 242 Neb. 687, 496 N.W.2d 507 (1993). We note that § 25-217 was amended again by 1986 Neb. Laws, L.B. 529, § 21, to read as it does today. See § 25-217 (Reissue 1995).

When the bill to amend the statute was introduced in the Legislature in 1979, there was no provision governing how long a plaintiff could wait, after commencing an action by filing a petition, before serving it on the opposing party. This shortcoming in the statute was raised before the Judiciary Committee during testimony by Richard Reiser, a practicing attorney. See Judiciary Committee Hearing, L.B. 510, 86th Leg., 1st Sess. 15 (Mar. 4, 1979). Apparently, as a result, the "six-months" language was added by a committee amendment.

During floor debate on L.B. 510, the proposed amendment was explained:

> The first committee amendment requires that the defendant in the case receives summons, receives service by sum-

mons, within six months after the petition is filed. *Thus, if the defendant is not served within the six months period the suit will not be deemed to have commenced.* It was felt by the committee that some time limit must be placed for the service of summons in such action. Otherwise cases would continue on the court docket with a petition and no summons for an indefinite period of time.

(Emphasis supplied.) Floor Debate, 86th Leg., 1st Sess. 2376 (Mar. 29, 1979).

■ Based on the history of § 25-217, we believe that the Legislature intended the 6-month time limitation to operate as a housekeeping measure for actions "commenced" by the filing of a petition but which would otherwise languish on the court's docket because of failure to serve the defendant within 6 months of commencement. While the statute is clear that an action is commenced when it is filed, the statute also has as its purpose the resolution of what occurs if a plaintiff does not serve a defendant within 6 months of a commencement of any action. In that instance, § 25-217 mandates that the action "shall stand dismissed," and we construe that phrase to mean that the action may be dismissed without the need for initiating action, such as a motion by the defendant, and without the need for a formal entry of an order of dismissal by the trial court. An unserved defendant, at least in theory, has no knowledge of the suit and can hardly be expected to ask the court to dismiss the case. While we suspect that most clerks of the district courts have a mechanism in place to track filed but unserved petitions, we do not think that the dismissal mandated by § 25-217 is dependent upon a trial court's learning of the pendency of a commenced but unserved action, and actually making an order of dismissal. Rather, we take the language "shall stand dismissed" to be mandatory and self-executing. The only way to ensure that an unserved action stands dismissed, as the statute requires, is to hold that such dismissal occurs by operation of law, without predicate action by the trial court. While obviously it is desirable that the records of the trial court be orderly, which would be facilitated by a formal entry of dismissal, an actual dismissal need not be made if 6 months has passed from filing a petition without service. In so holding, we believe that we are

giving meaning and force to the statutory language that an action "shall stand dismissed." In the case of § 25-217, "shall stand dismissed" means automatically by operation of law without action from the court.

The phrase "operation of law" has never been defined by the Nebraska appellate courts. However, "operation of law" has been defined as follows: " 'The obligation of law; its practical working and effect; a term applied to indicate the manner in which a party acquires rights without any act of his own.' " *Woodard Lbr. Co. v. Un. Comp. Com.*, 173 Or. 333, 339, 145 P.2d 477, 480 (1944). Similarly, Black's Law Dictionary 1092 (6th ed. 1990) states: "This term expresses the manner in which rights, and sometimes liabilities, devolve upon a person by the mere application to the particular transaction of the established rules of law, without the act or co-operation of the party himself." We believe the above definitions support our view of § 25-217 as a self-executing statute.

## CONCLUSION

Service upon Fischer was not obtained within 6 months of the filing of the original petition. Therefore, the action stood dismissed by operation of law 6 months from its filing on July 31, 1995. As a result, the 2-year statute of limitations for professional negligence actions bars the "revival" of the dismissed action by the filing of an amended petition. Accordingly, Fischer was entitled to judgment as a matter of law, and the trial court correctly dismissed the action and granted summary judgment to Fischer.

AFFIRMED.