ALLEN R. COTTON, APPELLANT, V.
RICKEY J. FRUGE ET AL., APPELLEES.
596 N.W.2d 32

Filed June 15, 1999. No. A-98-154.

Allen R. Cotton, pro se.

Thomas H. Cellilli III and Michaelle L. Behrns, of Hansen, Engles & Locher, P.C., for appellees.

HANNON, SIEVERS, and CARLSON, Judges.

SIEVERS, Judge.

This opinion addresses the consequences of a dismissal under Neb. Rev. Stat. § 25-217 (Reissue 1995) when a plaintiff fails to serve the defendants with process within the statutorily required 6 months of filing of the lawsuit.

## BACKGROUND

On January 7, 1997, Allen R. Cotton filed a pro se complaint with a demand for a jury trial against Rickey J. Fruge, Jason P. Fruge, and the Fruges' insurance carrier, Allstate Insurance Company, in the district court for Sarpy County, Nebraska. The complaint alleges that on August 4, 1993, Cotton was a passenger in a vehicle owned by Rickey and driven by his minor son, Jason. Cotton alleges that he sustained injuries to his back and neck when, because Jason failed to yield to oncoming traffic, the Fruges' vehicle collided with another vehicle.

The Fruges allege in their brief on appeal that the petition was not served upon them within the 6-month time period designated under § 25-217. They assert that "[a] summons was issued on the original petition on January 8, 1997. This summons was returned without service as to the Appellees on January 13, 1997." Brief for appellees the Fruges at 1. The transcript does not include a copy of the summons, nor does it indicate that a summons was returned without service as of January 13. Cotton argues: "[T]he record will reflect that the Plaintiff has tried to serve the Defendants through the Sarpy County Sheriff's Office and other means for nearly a year but [sic] however he was unsuccessful and finally—as a last resor[t]—he attempted to serve the Defendants through publication." Brief for appellant at 4.

The Fruges' brief acknowledges that Cotton filed a "motion for service by publication on November 19, 1997, which was granted on November 21, 1997." Brief for appellees the Fruges at 1. The transcript does not contain a copy of Cotton's alleged notice by publication. Despite the shortcomings in the record, all parties are in agreement that the Fruges were not served within 6 months of the filing of the petition. This fact is further supported by the district court's order, which we shall later detail.

On December 22, 1997, Allstate Insurance Company filed a demurrer alleging that the petition failed to state a cause of action and was barred by the statute of limitations. The demurrer was sustained on January 2, 1998. However, Cotton's brief does not assign this ruling as error. Therefore, we do not address it on appeal.

On January 6, 1998, Cotton filed an amended petition at the same docket and page numbers as the first petition. This second petition alleges negligence arising out of the same car accident as the first petition. However, the second petition differs from the first in three ways: (1) It adds an additional count of negligent entrustment, (2) it does not name Allstate Insurance Company as a defendant, and (3) it alleges that the accident occurred on August 4, 1994, rather than 1993.

On January 13, 1998, the Fruges filed a demurrer alleging that the action was barred by the "applicable statute of limita-

tions." It is unclear from the record whether the Fruges were demurring to the first or second petition. In an order dated February 3, 1998, the district court sustained the Fruges' demurrer, and we quote at length from that order:

A summons was issued on the original petition on January 8th and, on January 13th, it was returned without service as to the Defendants Rickey and Jason Fruge. No further proceedings were held in the case until November 19, 1997, when the Plaintiff filed a motion for service by publication on the two individual defendants, which motion was submitted on November 21st and granted. On November 26th, Plaintiff caused a summons to issue for service on the Defendant Allstate Insurance Company, which summons was served on or about December 2, 1997, with a return made December 9th. A demurrer filed on behalf of Allstate Insurance on December 22nd was sustained on January 2, 1998. . . .

Plaintiff filed his amended petition on January 6, 1998, naming only the individual defendants (not Allstate Insurance), reiterating essentially the same allegations as in the original petition.

The district court concluded that the statute of limitations in the instant case expired on August 4, 1997. Although not expressly stated in its order, we assume the district court based this date on Neb. Rev. Stat. § 25-207(3) (Reissue 1995) (action for injury to rights of plaintiff, not arising on contract, can only be brought within 4 years). The court held that the first petition was timely filed on January 7, 1997, which "would seemingly call for the demurrer to be summarily overruled inasmuch as the action was commenced prior to the expiration of the statute of limitations." However, the court sustained the demurrer citing § 25-217, which provides: "An action is commenced on the date the petition is filed with the court. The action shall stand dismissed without prejudice as to any defendant not served within six months from the date the petition was filed."

The district court held that § 25-217 "clearly requires a dismissal as to all three defendants as of July 7, 1997, inasmuch as none of the defendants was properly served within six months from the day the petition was filed." The court noted that Cotton

had made no effort to have additional summonses issued following the return of the first summons and that Cotton's attempt to serve by publication on November 19 was "well after the case had been on file for six months, and also several months after the statute of limitations had run." Cotton appeals to this court.

## ASSIGNMENTS OF ERROR

Cotton assigns and argues that the district court erred (1) in violating his constitutional rights, (2) in dismissing his complaint "based on the statute and not viewing all facts," and (3) in sustaining the demurrer without leave to amend.

## STANDARD OF REVIEW

■ In reviewing an order sustaining a demurrer, an appellate court accepts the truth of facts well pled and the factual and legal inferences which may reasonably be adduced from such facts, but does not accept conclusions of the pleader. *Cobb v. Sure Crop Chem. Co.*, 255 Neb. 625, 587 N.W.2d 355 (1998).

## ANALYSIS

*Constitutional Challenge.*

The argument section of Cotton's brief is limited to one issue: the district court's alleged violation of his constitutional rights. Cotton argues that "the Plaintiff was entitled to the due process and equal protection of the law when the Defendant[s] were not in the State of Nebraska to be served a copy of the complaint in the frame time of the statute of limitation[s]." Brief for appellant at 4. There is no authority cited, and we cannot envision any constitutional requirement that a private individual stay in a particular place so as to be served with civil process. Perhaps, Cotton intends the argument as a challenge to the constitutionality of § 25-217.

■ The Nebraska Court of Appeals cannot determine the constitutionality of a statute, yet when necessary to a decision in the case before it, the court does have jurisdiction to determine whether a constitutional question has been properly raised. *Harvey v. Harvey*, 6 Neb. App. 524, 575 N.W.2d 167 (1998). Neb. Ct. R. of Prac. 9E (rev. 1996) provides for how constitutional challenges to statutes shall be presented, including the filing of notice and service upon the Attorney General.

The Nebraska Supreme Court has insisted upon strict compliance with rule 9E before constitutional challenges will be considered. *State v. Kelley,* 249 Neb. 99, 541 N.W.2d 645 (1996). In the instant case, Cotton failed to file and serve a separate written notice with the Clerk of the Supreme Court at the time of the filing of his brief, nor is there any evidence that he served the Attorney General with a copy of his brief. Therefore, any constitutional challenge to § 25-217 was not properly raised and cannot be considered.

### *Effect of § 25-217 on Cotton's Claim.*

Cotton does not argue in his brief that the demurrer was improperly sustained because the Fruges were timely served. But given the dismissal, the district court's reasoning, and the filing of an amended petition, we believe we should address § 25-217 and its effect here. The court's finding that Cotton's first petition, filed with the court on January 7, 1997, was not served on Rickey and Jason within 6 months of the filing date is not disputed by Cotton. The Fruges argue, citing § 25-217, that because the *original petition* was not served within 6 months of January 7, Cotton's action failed to *commence* on January 7 and was dismissed without prejudice by *operation of law* on July 7. The Fruges argue that as a result, although Cotton filed an amended petition on January 6, 1998, the action was barred by the 4-year statute of limitations.

Although § 25-217 does not indicate how a dismissal is effectuated if a petition is "not served within six months from the date the petition is filed," we recently explored this issue in *McDaneld v. Fischer,* 8 Neb. App. 160, 589 N.W.2d 172 (1999). In *McDaneld,* we construed the phrase "shall stand dismissed" from § 25-217 to mean that an action is dismissed if 6 months from filing of the petition passes without service upon the defendant. And, we found this to be true without the need for initiating action by the defendant and without the need for a formal entry of an order of dismissal by the trial court. We held:

> [T]he dismissal mandated by § 25-217 is [not] dependent upon a trial court's learning of the pendency of a commenced but unserved action, and actually making an order of dismissal. Rather, we take the language "shall stand dis-

missed" to be mandatory and self-executing. The only way to ensure that an unserved action stands dismissed, as the statute requires, is to hold that such dismissal occurs by operation of law, without predicate action by the trial court.

*McDaneld*, 8 Neb. App. at 166, 589 N.W.2d at 177.

Therefore, as *McDaneld* teaches, we agree with the Fruges' contention that the original petition was dismissed without prejudice by operation of law as of July 7, 1997, because it was not timely served on the defendants within 6 months of its filing.

On November 21, 1997, Cotton's motion to serve by publication was granted by the district court. There is no showing by any of the parties that such publication was made in accordance with Neb. Rev. Stat. § 25-519 (Cum. Supp. 1998). However, as is evident from the holding of *McDaneld, supra,* Cotton's first petition was dismissed without prejudice by operation of law on July 7. Therefore, the court had no jurisdiction to grant the motion for service by publication because there was no longer any action pending in which to grant such a motion. The court's November 21 order is a nullity.

When a lawsuit is dismissed by operation of law for lack of service of process within 6 months of filing, the district court has no jurisdiction to make orders thereafter, except to formalize the dismissal, and if made, they are a nullity, as are subsequent pleadings. The procedural morass evident in the instant case lends further support to our holding in *McDaneld* that § 25-217 was intended as a "housekeeping measure," i.e., it avoids procedural difficulties by making actions subsequent to the 6-month time period a nullity because the suit is no longer pending.

After July 7, 1997, Cotton would be required to file a new lawsuit. Cotton filed what he calls an amended petition on January 6, 1998. We recognize that § 25-217, which dismisses a petition *without prejudice* for failure to serve within 6 months, contains nothing to prevent a plaintiff from filing a new lawsuit at any time thereafter, subject to the restrictions of applicable statutes of limitations. However, the filing of an amended petition in a lawsuit which is already dismissed by operation of law does not constitute the filing of a new lawsuit. There is no evi-

dence that Cotton paid a new filing fee, rather, he merely filed an amended petition at the same page and docket numbers as the original petition. Because the original petition was dismissed by operation of law on July 7, this filing, like the district court's order sustaining Cotton's motion to serve by publication, is a nullity.

## CONCLUSION

Following our holding in *McDaneld v. Fischer*, 8 Neb. App. 160, 589 N.W.2d 172 (1999), we sustain the portion of the district court's order holding that § 25-217 "requires a dismissal as to all three defendants as of July 7, 1997, inasmuch as none of the defendants was properly served within six months from the day the petition was filed." We also agree with the court's conclusion that "the express provision of the statute renders all actions subsequent to the expiration of the six-month period a nullity." However, this correct statement from the court which naturally follows from our holding in *McDaneld, supra*, requires that we reverse and vacate the court's finding that Cotton's claim is barred by "the statute of limitations." The court's finding in this regard is inconsistent with the conclusion that the case was dismissed as of July 7 and that all subsequent actions, including the *untimely* filing of the amended petition, are a nullity. The issue of whether the action was barred by the statute of limitations was not properly before the court. Therefore, while we affirm the dismissal of this action, we vacate any finding that it is barred by the statute of limitations, a matter which cannot be determined on this record.

AFFIRMED IN PART, AND IN PART
REVERSED AND VACATED.