JOSEPH VOPALKA, APPELLANT, V. EDDIE ABRAHAM
AND WALTER MINSHALL, APPELLEES.
610 N.W. 2d 433

Filed May 16, 2000.    No. A-99-893.

Michael B. Kratville for appellant.

Thomas A. Otepka, of Woodke, Otepka & Gibbons, P.C., for appellees.

IRWIN, Chief Judge, and SIEVERS and MOORE, Judges.

SIEVERS, Judge.

Joseph Vopalka filed a petition against Eddie Abraham and Walter Minshall, but failed to serve either of them within 6 months of filing the petition. The district court for Douglas County granted Abraham and Minshall's motion for summary judgment on this basis. Because the result is clear, we ordered the case submitted without oral argument pursuant to Neb. Ct. R. of Prac. 11 (rev. 1996).

## BACKGROUND

Vopalka filed a petition in the district court for Douglas County on April 7, 1998, alleging that he suffered injuries as the result of being struck by a truck operated by Minshall and owned by Abraham. Neither Minshall nor Abraham was served a summons or a copy of the petition. On January 12, 1999, Minshall and Abraham each executed a voluntary appearance, which were filed on January 25, 1999. Then Minshall and Abraham filed an answer to Vopalka's petition on March 10, 1999, and Vopalka subsequently filed a reply on March 11, 1999.

Minshall and Abraham filed a motion for summary judgment on July 13, 1999. The court sustained the motion for summary

judgment on the basis that Vopalka failed to serve either Minshall or Abraham within 6 months of the date that the petition was filed. Vopalka has timely appealed.

## ASSIGNMENTS OF ERROR

Vopalka asserts that the district court erred in (1) granting Minshall and Abraham's motion for summary judgment and (2) not finding that Minshall and Abraham had waived any defense related to the untimely service of process.

## STANDARD OF REVIEW

■ Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Fackler v. Genetzky*, 257 Neb. 130, 595 N.W.2d 884 (1999); *Koltes v. Visiting Nurse Assn.*, 256 Neb. 740, 591 N.W.2d 578 (1999); *Reinke Mfg. Co. v. Hayes*, 256 Neb. 442, 590 N.W.2d 380 (1999).

■ When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent from the decisions made by the lower courts. *Concordia Teachers College v. Neb. Dept. of Labor*, 252 Neb. 504, 563 N.W.2d 345 (1997); *In re Interest of Joshua M. et al.*, 251 Neb. 614, 558 N.W.2d 548 (1997).

## ANALYSIS

There is no dispute that Minshall and Abraham were not served within 6 months of the date Vopalka filed his petition. Vopalka argues that since Minshall and Abraham filed voluntary appearances and an answer in this case that they have waived any defect in service of process. Minshall and Abraham argue that since "service" was not obtained until 9 months after the filing of Vopalka's petition, the action stood dismissed by operation of law after 6 months from its filing.

■ Neb. Rev. Stat. § 25-217 (Reissue 1995) provides that "[t]he action shall stand dismissed without prejudice as to any defendant not served within six months from the date the peti-

tion was filed." See, also, *Kocsis v. Harrison*, 249 Neb. 274, 543 N.W.2d 164 (1996); *Cotton v. Fruge*, 8 Neb. App. 484, 596 N.W.2d 32 (1999). The voluntary appearance of a party is equivalent to service. Neb. Rev. Stat. § 25-516.01(1) (Reissue 1995); *Henderson v. Department of Corr. Servs.*, 256 Neb. 314, 589 N.W.2d 520 (1999).

In the present case, the petition was filed on April 7, 1998, which gave Vopalka until October 7, 1998, to obtain service of process on Minshall and Abraham. The voluntary appearances of Minshall and Abraham were filed on January 25, 1999, over 9 months after the date the action was filed. Applying the rule that a voluntary appearance is equivalent to service of process, Minshall and Abraham were not "served" until January 25, 1999, more than 6 months from the date Vopalka filed his petition.

The phrase "shall stand dismissed" from § 25-217 means that an action is dismissed if 6 months pass from the filing of the petition without service upon the defendant. *Cotton, supra*; *McDaneld v. Fischer*, 8 Neb. App. 160, 589 N.W.2d 172 (1999). Furthermore, the language "shall stand dismissed" is mandatory and self-executing. *McDaneld*, 8 Neb. App. at 166, 589 N.W.2d at 177 ("[t]he only way to ensure that an unserved action stands dismissed, as the statute requires, is to hold that such dismissal occurs by operation of law, without predicate action by the trial court").

Therefore, pursuant to *Kocsis, Cotton*, and *McDaneld*, the original petition in the present case was dismissed without prejudice by operation of law as of October 7, 1998, because it was not timely served on Minshall and Abraham within 6 months of its filing. When a lawsuit is dismissed by operation of law for lack of service of process within 6 months of filing, the trial court has no jurisdiction to make orders thereafter, except to formalize the dismissal, and if made, they are a nullity, as are subsequent pleadings. *Cotton, supra*.

In sum, the district court had no power after October 7, 1998, to enter any orders in this case, except to formalize the dismissal. The district court therefore erred in hearing and granting Minshall and Abraham's motion for summary judgment. The subsequent pleadings in this case, namely Minshall and

Abraham's answer and Vopalka's reply, are also nullities. We therefore reverse the district court's order granting Minshall and Abraham's motion for summary judgment and remand the cause with direction to enter an order that Vopalka's petition stands dismissed pursuant to § 25-217.

REVERSED AND REMANDED WITH
DIRECTION TO DISMISS.