JOSEPH VOPALKA, APPELLANT, V. EDDIE ABRAHAM AND WALTER MINSHALL, APPELLEES.

619 N.W. 2d 594

Filed December 1, 2000.    No. S-99-893.

Michael B. Kratville, P.C., for appellant.

Thomas A. Otepka, of Woodke, Otepka & Gibbons, P.C., for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.
## I. NATURE OF CASE

Joseph Vopalka filed a negligence action against Eddie Abraham and Walter Minshall (defendants), in the district court for Douglas County. The district court granted summary judgment in favor of the defendants, and Vopalka appealed to the Nebraska Court of Appeals. The Court of Appeals reversed the district court's order granting summary judgment. *Vopalka v. Abraham*, 9 Neb. App. 285, 610 N.W.2d 433 (2000). The Court of Appeals determined that because Vopalka had failed to serve the defendants within 6 months after filing his petition as required by Neb. Rev. Stat. § 25-217 (Reissue 1995), the action stood dismissed and the district court thereafter lacked jurisdiction to consider the defendants' motion for summary judgment. The Court of Appeals reversed the order of the district court granting summary judgment in favor of the defendants and remanded the cause to the district court with directions to dismiss the action. *Vopalka v. Abraham, supra.*

Vopalka petitioned this court for further review, which we granted. For the reasons recited below, we agree with the reasoning of the Court of Appeals that after dismissal under § 25-217, the action stood dismissed, and that the district court had no jurisdiction to make orders thereafter except to formalize the dismissal. Specifically, the district court lacked jurisdiction to consider the defendants' motion for summary judgment. Given the lack of jurisdiction of the district court, the Court of

Appeals more properly should have vacated rather than reversed the district court's order granting summary judgment. Accordingly, we reverse, and remand to the Court of Appeals with directions to remand the cause to the district court with directions to the district court to vacate the order granting summary judgment in favor of the defendants and to enter an order that Vopalka's petition stands dismissed pursuant to § 25-217.

## II. STATEMENT OF FACTS

At issue in this case is the effect of § 25-217 on an action in which the defendants have not been served within 6 months from the date the petition was filed. Section 25-217 provides that "[a]n action is commenced on the date the petition is filed with the court. The action shall stand dismissed without prejudice as to any defendant not served within six months from the date the petition was filed."

In the instant case, Vopalka filed a petition against Abraham and Minshall on April 7, 1998, alleging he sustained injuries in an accident which occurred April 10, 1994. Neither defendant was served with the petition within 6 months after Vopalka filed the petition. On January 25, 1999, each defendant filed a voluntary appearance in which he stated that he had received a copy of the petition on January 12, that he submitted to the jurisdiction of the district court, and that he would file an answer within 30 days. On March 10, the defendants filed an answer generally denying the allegations in the petition and specifically denying that they were negligent. The defendants further alleged that Vopalka's injuries were a result of his own negligence and contributory negligence and that Vopalka's action against them was barred by the applicable statute of limitations. On March 11, Vopalka filed a reply denying the defendants' affirmative defenses.

The record on appeal is not complete but it appears that at some point, Vopalka filed a motion to reinstate the case to the active trial docket, that the defendants objected to such reinstatement, and that the district court reinstated the case to the trial docket on July 13, 1999.

The defendants filed a motion for summary judgment on July 13, 1999, claiming that the case should be dismissed because

Vopalka had failed to serve them with the petition within 6 months of filing. After taking judicial notice of the court file, the district court found that Vopalka had failed to serve the defendants within 6 months of the date he had filed his petition and therefore sustained the defendants' motion for summary judgment.

Vopalka appealed the district court's order granting summary judgment in favor of the defendants to the Court of Appeals. Vopalka claimed that by entering their voluntary appearances, the defendants had waived any objection related to his failure to serve them within 6 months of the filing of his petition as required under § 25-217. The Court of Appeals rejected Vopalka's argument and reversed the district court's grant of summary judgment and remanded the cause with directions to dismiss. *Vopalka v. Abraham*, 9 Neb. App. 285, 610 N.W.2d 433 (2000).

The Court of Appeals held that pursuant to § 25-217, the unserved petition filed April 7, 1998, had been dismissed by operation of law as of October 7, and that subsequent to that date, the district court lacked jurisdiction to make any orders, except to formalize the dismissal. The Court of Appeals noted that a voluntary appearance is equivalent to service of process, and the defendants' voluntary appearances filed January 25, 1999, effectively amounted to service on January 25, which was not within 6 months after the date Vopalka had filed his petition. The voluntary appearances were filed at a point in time after which the case stood dismissed under § 25-217. The Court of Appeals concluded that the district court erred in reinstating the case and in hearing and granting the defendants' motion for summary judgment, and reversed these orders. The Court of Appeals remanded the cause with directions to the district court to dismiss the case.

### III. ASSIGNMENTS OF ERROR

Vopalka asserts that the Court of Appeals erred in (1) failing to hold that the defendants waived the operation of § 25-217 by filing voluntary appearances and (2) failing to find that the defendants' failure to cross-appeal the district court's reinstatement of the action waived the operation of § 25-217.

## IV. STANDARDS OF REVIEW

■ Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Airport Auth. of Village of Greeley v. Dugan*, 259 Neb. 860, 612 N.W.2d 913 (2000).

■ A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Prucha v. Kahlandt, ante* p. 366, 618 N.W.2d 399 (2000).

## V. ANALYSIS

### 1. COURT OF APPEALS' HOLDINGS IN *VOPALKA V. ABRAHAM*

The Court of Appeals' disposition of this case was premised on two holdings. First, the Court of Appeals held that § 25-217 is self-executing and, thus, an action is dismissed by operation of law as to any defendant who has not been served within 6 months after the petition was filed. *Vopalka v. Abraham, supra.* This holding was based on the Court of Appeals' prior decisions in *Cotton v. Fruge*, 8 Neb. App. 484, 596 N.W.2d 32 (1999), and *McDaneld v. Fischer*, 8 Neb. App. 160, 589 N.W.2d 172 (1999). Second, the Court of Appeals held that after dismissal by operation of law, a trial court lacks jurisdiction to enter any orders in such action, except to formalize the dismissal, and that any orders other than a formal dismissal of the case made by the trial court subsequent to the dismissal by operation of law are nullities. *Vopalka v. Abraham, supra.* The second holding was based on the Court of Appeals' similar decision in *Cotton*. Based on these holdings, the Court of Appeals concluded that Vopalka's unserved petition was dismissed by operation of law on October 7, 1998, which was 6 months after filing the petition, and that the district court lacked jurisdiction after October 7, either to reinstate the action or to enter summary judgment.

We note that no further review was sought in either *McDaneld* or *Cotton*, and we have not previously had occasion to decide the issues surrounding the effect of § 25-217 upon actions in which the defendant has not been served with a petition within 6 months of filing the petition. In order to review the

decision of the Court of Appeals in the instant case, we must decide whether the Court of Appeals was correct in holding that § 25-217 is self-executing and in holding that dismissal by operation of law under § 25-217 deprives the trial court of jurisdiction to take action subsequent to such dismissal other than to formalize the dismissal. In connection with our analysis of *Vopalka v. Abraham*, 9 Neb. App. 285, 610 N.W.2d 433 (2000), a brief review of the decisions in *McDaneld* and *Cotton* is useful.

(a) § 25-217 as Self-Executing
Under *McDaneld v. Fischer*

In *McDaneld v. Fischer, supra*, the Court of Appeals first held that § 25-217 is self-executing and that § 25-217 requires that an action be dismissed by operation of law as to a defendant who is not served within 6 months after the petition is filed. In *McDaneld*, the Court of Appeals recognized that the issues surrounding § 25-217 were ones of first impression and therefore explained the reasons for its holding.

The Court of Appeals began its interpretation of § 25-217 by examining the language of the statute and determined that although the statute provided that the action "shall stand dismissed" if the petition was not served within 6 months of filing, § 25-217 failed to delineate how such dismissal occurs. The Court of Appeals posited that dismissal might occur by "motion and order," or "upon the court's own motion," or by passage of time with or without a trial court order. *McDaneld v. Fischer*, 8 Neb. App. at 165, 589 N.W.2d at 176.

Because the Court of Appeals found that § 25-217 was silent on the procedure by which to confer dismissed status under § 25-217, it examined the statute's legislative history to determine legislative intent. The Court of Appeals noted in *McDaneld* that prior to 1979, the statute provided simply that an action was deemed commenced as of the date the summons was served upon the defendant. In 1979, however, § 25-217 was amended to provide that an action was deemed to have commenced not upon service on a defendant, but, instead, "on the date the petition is filed with the court *if proper service is obtained within six months of such filing.*" (Emphasis supplied.)

See 1979 Neb. Laws, L.B. 510. The legislative history of the 1979 amendment as explained in *McDaneld* shows that the Judiciary Committee determined that some time limit should be placed for the service of summons and that if the defendant was not served within that time period, the suit would not be deemed to have commenced. The Court of Appeals determined that the Legislature in 1979 intended the 6-month requirement to operate as a "housekeeping measure" to facilitate the dismissal of actions which were filed but unserved and which would otherwise languish on a court's docket. *McDaneld v. Fischer*, 8 Neb. App. 160, 166, 589 N.W.2d 172, 176 (1999).

Although the Court of Appeals noted in *McDaneld* that, after the 1979 amendment, § 25-217 had again been amended in 1986, the Court of Appeals did not explicitly note that the additional and operative language "shall stand dismissed" was part of the 1986 amendment rather than the 1979 amendment. In 1986, the statute was amended to its current form which reads: "An action is commenced on the date the petition is filed with the court. The action shall stand dismissed without prejudice as to any defendant not served within six months from the date the petition was filed." § 25-217. For the sake of completeness, we note that the 1986 amendment to § 25-217 was part of a bill addressing various topics of judicial administration and that the legislative history of the bill contains no specific discussion of the legislative intent regarding the 1986 amendment to § 25-217.

In *McDaneld*, the Court of Appeals construed the phrase "shall stand dismissed" to mean that "the action may be dismissed without the need for initiating action, such as a motion by the defendant, and without the need for a formal entry of an order of dismissal by the trial court." 8 Neb. App. at 166, 589 N.W.2d at 177. The Court of Appeals held that § 25-217 was mandatory and self-executing and that dismissal occurs by operation of law because that was the "only way to ensure that an unserved action stands dismissed, as the statute requires." 8 Neb. App. at 166, 589 N.W.2d at 177.

### (b) Nullity of Rulings After Dismissal Pursuant to § 25-217 Under *Cotton v. Fruge*

In *Cotton v. Fruge*, 8 Neb. App. 484, 596 N.W.2d 32 (1999), decided after *McDaneld v. Fischer, supra*, the Court of Appeals

held that based on its holding in *McDaneld*, the plaintiff's petition was dismissed by operation of law under § 25-217 because it was not served on the defendants within 6 months of its filing and rulings in the case subsequent thereto were nullities. In *Cotton*, the district court granted the plaintiff's motion for service by publication more than 6 months after filing of the petition and thereafter sustained the defendants' demurrer on the basis that the case was barred by the statute of limitations. The Court of Appeals held that "[w]hen a lawsuit is dismissed by operation of law for lack of service of process within 6 months of filing, the district court has no jurisdiction to make orders thereafter, except to formalize the dismissal, and if made, they are a nullity, as are subsequent pleadings." 8 Neb. App. at 490, 596 N.W.2d at 36. The Court of Appeals reasoned that after dismissal by operation of law, there was no longer any action pending in which to make an order or in which to file pleadings. Based on that holding, the Court of Appeals concluded in *Cotton* that the district court's order granting the motion for service by publication was a nullity and further vacated the district court's order granting the demurrer because the statute of limitations issue was not properly before the district court.

## 2. DISMISSAL BY OPERATION OF LAW: SELF-EXECUTING NATURE OF § 25-217

The full text of § 25-217 reads as follows: "An action is commenced on the date the petition is filed with the court. The action shall stand dismissed without prejudice as to any defendant not served within six months from the date the petition was filed." Whether the language of § 25-217 is self-executing is an issue of statutory interpretation. In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *R.J. Miller, Inc. v. Harrington, ante* p. 471, 618 N.W.2d 460 (2000). If the language of a statute is clear, the words of such statute are the end of any judicial inquiry regarding its meaning. *Sharkey v. Board of Regents, ante* p. 166, 615 N.W.2d 889 (2000). In construing a statute, a court must determine and give effect to the purpose and intent of the

Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *Sack v. State*, 259 Neb. 463, 610 N.W.2d 385 (2000).

■ We agree with the Court of Appeals' holding in *McDaneld v. Fischer*, 8 Neb. App. 160, 589 N.W.2d 172 (1999), that the language of § 25-217 providing for dismissal of unserved petitions is self-executing and mandatory. As noted by the Court of Appeals, the statute contains the expression "shall stand dismissed." We conclude that this language, including the word "shall," makes the operation of § 25-217 mandatory. See *State on behalf of Minter v. Jensen*, 259 Neb. 275, 277, 609 N.W.2d 362, 365 (2000) ("[a]s a general rule, in the construction of statutes, the word 'shall' is considered mandatory and inconsistent with the idea of discretion"). We further find it significant that the statute specifies that an action which stands dismissed shall stand dismissed "without prejudice." The inference from the entire expression "shall stand dismissed without prejudice" is twofold: (1) that the dismissal of the action is mandatory and automatic in nature and (2) that notwithstanding the dismissed status of the action, the character of the dismissal is "without prejudice" and the action may therefore be refiled if not otherwise barred, such as by the statute of limitations. See Black's Law Dictionary 482 (7th ed. 1999).

We are aware that certain jurisdictions allow courts discretion and specify procedures regarding dismissal of a petition or complaint after a plaintiff has failed to serve a defendant within a certain timeframe. For example, in the federal trial courts, Fed. R. of Civ. P. 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

We note that various states have adopted rules similar to Fed. R. Civ. P. 4(m) quoted above. See, Ariz. Rules Civ. Proc. 4(i); Ark. Code Ann. § 16-58-134 (Michie Supp. 1999); Fla. R. Civ.

P. 1.070(j); Miss. R. Civ. P. 4(h); Nev. R. Civ. P. 4(i); Utah R. Civ. P. 4(b); W. Va. R.C.P. 4(k). See, also, Idaho R.C.P. 4(a)(2) (service within 6 months); Mass. R. Civ. P. 4(j) (service within 90 days); Ohio Civ. R. 4(E) (service within 6 months); Okla. Stat. Ann. tit. 12, § 2004(I) (West Cum. Supp. 2000-2001) (service within 180 days). Alaska R. Civ. P. 4(j) specifically requires the court clerk to review pending cases for actions that have not been served within 120 days and to send notices to plaintiffs in those actions "to show good cause in writing why service . . . is not complete." Other states have rules which, although not based on the federal rule, provide that actions are to be dismissed upon motion, see Me. R. Civ. P. 3 and Vt. R.C.P. 3, and that dismissal may be avoided by a showing of good cause. See N.Y. C.P.L.R. § 306-b (McKinney Supp. 2000).

By contrast to such rules in other jurisdictions, § 25-217 does not delineate that dismissal is effectuated by review by the clerk or upon motion of a party or the court, nor does it specify that a plaintiff may avoid its operation by showing good cause. Comparison to such other statutes and rules highlights the self-executing and mandatory nature of the language chosen by the legislature in enacting § 25-217.

The language of § 25-217 mandates that an action "shall stand dismissed without prejudice" if unserved 6 months after filing and does not delineate any predicate action which must be taken by a court to effect dismissal. The statute does not contain discretionary language to the effect that a court "may" dismiss an unserved action, nor does it contain exceptions pursuant to which a plaintiff would be able to demonstrate to a court good cause in order to avoid the operation of the statute. Dismissal by operation of law effectuates the mandatory language of the statute.

### 3. Lack of Jurisdiction After Dismissal by Operation of Law Under § 25-217

In this appeal, Vopalka does not appear to dispute the holding by the Court of Appeals that § 25-217 is self-executing, but argues instead that the Court of Appeals erred by failing to conclude that the defendants waived the operation of § 25-217 by filing their voluntary appearances. In his reply brief to the Court

of Appeals and upon further review, Vopalka also argues that the defendants waived the operation of § 25-217 when they failed to cross-appeal, in the appeal taken by Vopalka to the Court of Appeals, the district court's reinstatement of Vopalka's petition. In its opinion in *Vopalka v. Abraham*, 9 Neb. App. 285, 610 N.W.2d 433 (2000), the Court of Appeals impliedly rejected both arguments based on its holding in *Cotton v. Fruge*, 8 Neb. App. 484, 490, 596 N.W.2d 32, 36 (1999), that after dismissal of an action pursuant to § 25-217, there is no longer an action pending and "the district court has no jurisdiction to make orders thereafter, except to formalize the dismissal, and if made, they are a nullity, as are subsequent pleadings." We agree with the Court of Appeals' conclusion that the district court erred in considering the defendants' motion for summary judgment after dismissal under § 25-217. A summary judgment is a disposition on the merits, see *SID No. 57 v. City of Elkhorn*, 248 Neb. 486, 536 N.W.2d 56 (1995), and the district court could not enter a judgment on the merits where it lacked jurisdiction. We see no errors by the Court of Appeals as claimed by Vopalka on further review.

■ As to Vopalka's first argument, we agree with the Court of Appeals that the defendants' voluntary appearances did not waive the operation of § 25-217. We have held that for the purpose of personal jurisdiction, the voluntary appearance of a party is equivalent to service of process. *Henderson v. Department of Corr. Servs.*, 256 Neb. 314, 589 N.W.2d 520 (1999). Although the voluntary appearances of the defendants in this case were equivalent to service of process, the voluntary appearances were filed more than 6 months after the petition was filed at a time when the action stood dismissed. Service of process effected more than 6 months after the petition was filed at a time when the action stood dismissed does not negate the dismissal pursuant to § 25-217. A voluntary appearance, which is the equivalent of service of process, is a nullity in a dismissed action. This assignment of error is without merit.

■ Vopalka also asserts as an assignment of error that the defendants waived the operation of § 25-217 because they did not cross-appeal, in Vopalka's appeal to the Court of Appeals, the district court's reinstatement of the action. We agree with the

Court of Appeals' holding in *Cotton* as applied herein that after dismissal of an action by operation of § 25-217, "the district court has no jurisdiction to make orders thereafter, except to formalize the dismissal." *Cotton v. Fruge*, 8 Neb. App. at 490, 596 N.W.2d at 36. We, therefore, conclude that the district court in the instant case was without jurisdiction to reinstate Vopalka's action which stood dismissed by operation of § 25-217.

■■■ When lack of jurisdiction in the original tribunal is apparent on the face of the record, yet the parties fail to raise that issue, it is the duty of a reviewing court to raise and determine the issue of jurisdiction sua sponte. *In re Interest of D.W.*, 249 Neb. 133, 542 N.W.2d 407 (1996). It is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties. *In re Interest of William G.*, 256 Neb. 788, 592 N.W.2d 499 (1999). The district court lacked jurisdiction at the point in time it ordered reinstatement. The defendants' lack of a cross-appeal challenging the order of the district court which it was without jurisdiction to make is of no consequence. Vopalka's assignment of error is without merit.

In the instant case, Vopalka's petition was dismissed by operation of § 25-217 as of October 7, 1998. Because there was no longer an action pending, any subsequent pleadings were nullities and the district court was without jurisdiction to reinstate the action or rule on the defendants' motion for summary judgment. Contrary to Vopalka's assertion on further review, the defendants were unable to waive the operation of § 25-217 either by having entered voluntary appearances or by their purported failure to cross-appeal a reinstatement order that the district court was without jurisdiction to enter.

## VI. CONCLUSION

The Court of Appeals' holding in *Cotton v. Fruge*, 8 Neb. App. 484, 596 N.W.2d 32 (1999), and as applied in this case was the logical extension of its prior holding in *McDaneld v. Fischer*, 8 Neb. App. 160, 589 N.W.2d 172 (1999), that § 25-217 is self-executing and mandatory. We agree with the rationale in both *Cotton* and *McDaneld*. When an action has been dismissed by operation of law, there is no longer an action pending in which

a district court can enter an order except to formalize the dismissal. The mandatory and self-executing nature of § 25-217 furthers the "housekeeping" function of preventing unserved petitions from languishing on the trial court's docket, which the Court of Appeals identified in *McDaneld* as the legislative intent surrounding § 25-217. In this regard, we note that where systems are not already in place, it would be prudent that trial courts implement a systematic program to track compliance with the 6-month service requirement under § 25-217 such that the trial court is alerted to the failure to serve and can formalize the dismissal.

We conclude that the Court of Appeals correctly held in this case that the language of § 25-217 is self-executing and mandatory and that after an action is dismissed by operation of § 25-217, a district court is without jurisdiction to make an order in the case except an order formalizing the dismissal. Because Vopalka's petition was dismissed by operation of law as of October 7, 1998, the district court was without jurisdiction to enter an order in the case after that date other than an order dismissing the action. A summary judgment is a disposition on the merits, see *SID No. 57 v. City of Elkhorn*, 248 Neb. 486, 536 N.W.2d 56 (1995), and the district court could not enter a judgment on the merits because it lacked jurisdiction. We therefore agree with the Court of Appeals that it was error for the district court to consider the defendants' motion for summary judgment. However, because the district court lacked jurisdiction to grant summary judgment, the Court of Appeals should have vacated, rather than reversed, the district court's order. See *Bonge v. County of Madison*, 253 Neb. 903, 573 N.W.2d 448 (1998). We therefore reverse, and remand to the Court of Appeals with directions to remand the cause to the district court with directions to the district court to vacate the order granting summary judgment in favor of the defendants and to enter an order that Vopalka's petition stands dismissed pursuant to § 25-217.

REVERSED AND REMANDED WITH DIRECTIONS.