Old Home Enterprise, appellee, v.
Ian Fleming et al., appellees, and
Subway, garnishee-appellant.

___ N.W.2d ___

Filed April 16, 2013.    No. A-12-484.

1.  **Appeal and Error.** Although an appellate court ordinarily considers only those errors assigned and discussed in the briefs, the appellate court may, at its option, notice plain error.
2.  **Courts: Appeal and Error.** The district court and higher appellate courts generally review appeals from the county court for error appearing on the record.
3.  **Appeal and Error.** Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process.
4.  **Dismissal and Nonsuit.** The only way to ensure that an unserved action stands dismissed, as required by statute, is to hold that such dismissal occurs by operation of law, without predicate action by the trial court.
5.  **Dismissal and Nonsuit: Service of Process.** Service of process effected more than 6 months after the petition was filed at a time when the action stood dismissed does not negate the dismissal pursuant to Neb. Rev. Stat. § 25-217 (Reissue 2008).
6.  ____: ____. A voluntary appearance, which is the equivalent of service of process, is a nullity in a dismissed action.
7.  **Dismissal and Nonsuit: Service of Process: Jurisdiction.** When a lawsuit is dismissed by operation of law for lack of service of process within 6 months of filing, the trial court has no jurisdiction to make orders thereafter, except to formalize the dismissal, and if made, they are a nullity, as are subsequent pleadings.
8.  **Actions: Jurisdiction: Dismissal and Nonsuit.** Lack of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte, and because Neb. Rev. Stat. § 25-217 (Reissue 2008) is self-executing, the action is dismissed 6 months after the complaint was filed.
9.  **Dismissal and Nonsuit: Words and Phrases.** The words "any defendant" in the statutory language of Neb. Rev. Stat. § 25-217 (Reissue 2008) mean the dismissal is indicated only as to the defendant who is not served, not all of the defendants in the action.
10. **Judgments: Debtors and Creditors: Garnishment.** Garnishment is a legal aid in the execution of a judgment; it is a method by which a judgment creditor can recover against a third party for the debt owed by a judgment debtor.

Appeal from the District Court for Douglas County, James T. Gleason, Judge, on appeal thereto from the County Court for Douglas County, Sheryl L. Lohaus, Judge. Judgment of District Court reversed, and cause remanded with directions to vacate and dismiss.

Angela M. Minahan, of Reinsch, Slattery, Bear & Minahan, P.C., L.L.O., for garnishee-appellant.

Lawrence G. Whelan and Dennis G. Whelan, of Whelan Law Office, for appellee Old Home Enterprise.

Irwin, Moore, and Pirtle, Judges.

Pirtle, Judge.

## INTRODUCTION

Subway, as garnishee, appeals from the order of the district court for Douglas County which affirmed the judgment of the county court for Douglas County overruling a "Motion to Set Aside Judgment" and a "Motion to Quash Execution." Subway became involved in this case when Old Home Enterprise (Old Home) sought garnishee liability for the debt purportedly owed by Subway's employee, Travis Becker, a defendant in the underlying action. For the reasons that follow, we reverse, and remand the cause with directions to vacate and dismiss.

## BACKGROUND

On December 29, 2009, Old Home filed a complaint against Ian Fleming, Becker, Jason Vleck, Justin Valentine, and David Moore for breach of a rental contract. For purposes of this appeal, we focus on the case only as it relates to Becker.

On January 21, 2010, Old Home was notified that Becker was not served as required by Nebraska law because the sheriff was "unable to locate" Becker. On July 21, Old Home requested an alias summons for Becker, which was served at Becker's mother's home on July 30. When Becker failed to appear or plead, Old Home filed a motion for default judgment. On September 7, the county court entered default judgment against Becker in the amount of $9,279.97 plus court costs and attorney fees.

On December 3, 2010, Old Home made its first attempt to serve a summons and order of garnishment on Becker's employer, Subway. The summons, order of garnishment, and attached interrogatories were sent by certified mail to the specific Subway store where Becker worked, in Blair, Nebraska.

An employee signed for the documents, and Subway did not return the interrogatories. On June 22, 2011, Old Home attempted service on Subway in the same manner, and Subway did not respond in any manner.

Old Home then filed an application for a continuing lien against Subway and an application to determine garnishee liability. The county court for Douglas County issued an order for hearing to be served on Subway, and it was sent by certified mail. Becker signed for the document at the Subway store in Blair.

The hearing to determine garnishee liability took place on August 8, 2011. The county court entered judgment against Subway, imposing garnishee liability for the debt of its employee, Becker, and issued an order in aid of execution for the judgment. Subway was found liable to the judgment creditor, Old Home, in the amount of $9,200.78 plus interest and court costs.

Subsequently, Subway filed a "Motion to Set Aside Judgment" and a "Motion to Quash Execution," and the county court denied both motions. Subway timely filed a notice of appeal from the denial of those motions on October 19, 2011, and the parties appeared before the district court for Douglas County on January 6, 2012. The district court took the matter under advisement and affirmed on May 22 the decision of the county court.

## ASSIGNMENTS OF ERROR

Subway failed to specifically assign errors in accordance with the Supreme Court's rules of appellate practice. See Neb. Ct. R. App. P. § 2-109(D)(1)(e) (rev. 2012).

## STANDARD OF REVIEW

[1] Although an appellate court ordinarily considers only those errors assigned and discussed in the briefs, the appellate court may, at its option, notice plain error. *Connelly v. City of Omaha*, 284 Neb. 131, 816 N.W.2d 742 (2012).

## ANALYSIS

[2,3] The district court and higher appellate courts generally review appeals from the county court for error appearing on

the record. *Centurion Stone of Nebraska v. Trombino*, 19 Neb. App. 643, 812 N.W.2d 303 (2012). As stated above, although an appellate court considers only those errors assigned and discussed in the briefs, the appellate court may, at its option, notice plain error. *Connelly v. City of Omaha, supra*. Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *Id*. In this case, a review of the record reveals plain error.

[4] According to the Nebraska statutes, an "action shall stand dismissed without prejudice as to any defendant not served within six months from the date the complaint was filed." Neb. Rev. Stat. § 25-217 (Reissue 2008). The only way to ensure that an unserved action stands dismissed, as required by statute, is to hold that such dismissal occurs by operation of law, without predicate action by the trial court. See *Vopalka v. Abraham*, 260 Neb. 737, 619 N.W.2d 594 (2000).

[5,6] Service of process effected more than 6 months after the petition was filed at a time when the action stood dismissed does not negate the dismissal pursuant to § 25-217. See *Vopalka v. Abraham, supra*. A voluntary appearance, which is the equivalent of service of process, is a nullity in a dismissed action. See *id*. Old Home's complaint against Becker for breach of a rental contract was filed December 29, 2009, and was not served until July 30, 2010. During that period, Becker did nothing that would constitute a voluntary appearance or waiver of process. More than 6 months had elapsed, and therefore, the action was dismissed by operation of law, without prejudice.

[7] When a lawsuit is dismissed by operation of law for lack of service of process within 6 months of filing, the trial court has no jurisdiction to make orders thereafter, except to formalize the dismissal, and if made, they are a nullity, as are subsequent pleadings. See *id*.

This rule is illustrated in *Davis v. Choctaw Constr.*, 280 Neb. 714, 789 N.W.2d 698 (2010), where a complaint was filed in August 2005 and the defendant was not served until August 2006. The defendant then made an appearance, followed by a full trial, which resulted in a substantial judgment against it.

The defendant then filed a motion for new trial in which it asserted the district court lacked jurisdiction to enter the judgment under § 25-217 because the service did not occur within 6 months. The trial court overruled the motion for new trial, and the defendant's appeal was heard by the Nebraska Supreme Court, which reversed the trial court's decision.

[8] The Supreme Court stated that lack of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte, and because § 25-217 is self-executing, the action was dismissed 6 months after the complaint was filed. *Davis v. Choctaw Constr., supra*. The court held that the trial proceedings were nullities and that the district court erred in not vacating the judgment and dismissing the action when the issue of subject matter jurisdiction was raised in the postjudgment motions.

Similarly, in this case, Becker was not timely served. The action against Becker was automatically dismissed under § 25-217 when 6 months had passed from the filing of the action on December 29, 2009. Therefore, the county court lacked jurisdiction to make any order against Becker after that time, and the default judgment entered against Becker on September 7, 2010, is a nullity.

[9] The Nebraska Supreme Court determined the words "any defendant" in the statutory language of § 25-217 mean the dismissal is indicated only as to the defendant who is not served, not all of the defendants in the action. See *State Farm Mut. Auto. Ins. Co. v. Allstate Ins. Co.*, 268 Neb. 439, 684 N.W.2d 14 (2004).

Therefore, we find the default judgment in the underlying breach of contract action is set aside as to Becker only. The other defendants in Old Home's original complaint are not affected by this decision.

Becker is the only defendant in the underlying action who is employed by Subway, and Subway is only involved as a garnishee in the instant case because of its employer-employee relationship with Becker.

[10] Garnishment is a legal aid in the execution of a judgment; it is a method by which a judgment creditor can recover against a third party for the debt owed by a judgment debtor.

*Myers v. Christensen*, 278 Neb. 989, 776 N.W.2d 201 (2009). Having determined the default judgment against Becker is a nullity, we find the subsequent garnishee liability action against Subway arising out of such default judgment is also a nullity, because there is no longer any debt owed by Becker. See *id.* at 993, 776 N.W.2d at 205 ("[t]he claim of a judgment creditor garnishor against a garnishee can rise no higher than the claim of the garnishor's judgment debtor against the garnishee"). For this reason, the decisions of the county and district courts must be reversed. The breach of contract case must be dismissed as to Becker, and Subway cannot be held liable for a garnishment claim arising from the case against Becker.

## CONCLUSION

Having determined the county court issued orders after the lawsuit against Becker was dismissed by operation of law, we find there is plain error on the record. The cases against Becker and Subway must be dismissed.

We reverse, and remand with directions to the district court for Douglas County to remand to the county court for Douglas County, with directions to vacate the county court's default judgment of September 7, 2010, as to Becker and to dismiss the underlying complaint filed December 29, 2009, against Becker only. The district court for Douglas County is further directed to remand the cause to the county court for Douglas County with directions to vacate its order dated August 8, 2011, determining garnishee liability against Subway and to refund the cash supersedeas bond to Subway.

Reversed and remanded with directions
to vacate and dismiss.