Bonnie **EDDINGER**, Plaintiff,

v.

Robert **WRIGHT**, Defendant.

No. H–C–94–45.

United States District Court,
E.D. Arkansas,
Eastern Division.

Aug. 21, 1995.

Order Denying Rehearing Sept. 20, 1995.

B. Michael Easley, Easley, Hicky & Cline, Forrest City, AR, Mike White, Cordova, TN, for plaintiff.

Elton A. Rieves, IV, Rieves & Mayton, West Memphis, AR, for defendant.

## MEMORANDUM OPINION & ORDER

SUSAN WEBBER WRIGHT, District Judge.

This Court issued a stay and administratively terminated this case in November 1994 pending resolution of a matter then before a state court. [Doc. # 12, Memorandum & Order.] Following a decision by the Arkansas Supreme Court, the plaintiff filed a motion to reopen the above-styled case, which was granted June 19, 1995. [Doc. # 17 Order.] The defendant also was granted permission to revive his summary judgment motion, which the Court now decides. For the reasons that follow, defendant Robert A. Wright's motion for summary judgment is denied.

This cause of action arises from a motor vehicle collision occurring in West Memphis, Arkansas, on March 3, 1990 between the plaintiff, a resident of West Memphis, and the defendant, who is a resident of Tennessee. The Court has jurisdiction under 28 U.S.C. § 1332(a)(1).

## I.

The accident report listed "Robert Wright" as operator and reported his address as 921 Rosewood, West Memphis, Arkansas. On March 3, 1993, the plaintiff filed a complaint against "Robert Wright" and Nationwide Mutual Insurance Company in Crittenden County Circuit Court.[1] Her complaint in federal court was filed June 6, 1994 and named only "Robert Wright" as a defendant. The facts and allegations of the two complaints are almost identical.

The events are complicated by the fact that there are two Robert Wrights—the father, Robert L. Wright, and the son Robert A. Wright. Both men are represented by the same attorney, Elton Rieves IV of the Rieves & Mayton law firm of West Memphis, Arkansas. The state court complaint and summons were sent certified mail to the Rosewood address, where both father and son were residing at the time of the accident. However, by the time suit was filed and process was served, the son had moved to Tennessee. The father, Robert L., filed an answer to the Circuit Court complaint denying he was negligent. On July 6, 1993, which was several days after expiration of the time in which plaintiff had to obtain proper service under Ark.R.Civ.P. 4(i), Robert L. moved for summary judgment in the state case on the basis that he was not the driver of the car involved in the accident. He acknowledged that his son was the operator of the vehicle. [Doc. # 7, Ex. J.] On July 30, 1993, the plaintiff amended her Circuit Court complaint to specify that Robert A. Wright was the defendant. Robert A. was served, and he filed an answer. On August 24, 1993 he moved for summary judgment or dismissal in state court on the grounds that the action was barred by the statute of limitations because the amended complaint was filed more than three years after the accident, or alternatively, because he was served more than 120 days after the filing of the original complaint.

On March 10, 1994, the state court granted both motions for summary judgment.[2] But before an order was entered, the plaintiff moved the Circuit Court for permission to non-suit her complaint; the motion was granted, and an order of non-suit was entered April 14, 1994. Subsequently, the Circuit Court denied a motion by both Wrights to set aside the order of non-suit. On May 12, 1994, the Wrights appealed the order of non-suit to the Arkansas Court of Appeals. The case was transferred to the Arkansas Supreme Court, which found the trial court acted within its discretion in granting the non-suit after it had announced its decision to grant summary judgment, but not yet entered an order. [Robert L. Wright and Robert A. Wright v. Bonnie Eddinger, No. 94–816, March 27, 1995.]

The issue before this Court is whether a defendant may purposely mislead a plaintiff into believing proper service has been made and then succeed in having the case dismissed for improper service and expiration of the statute of limitations.

## II.

Summary judgment may be granted if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Evans v. Pugh,* 902 F.2d 689, 691 (8th Cir.1990). The burden on the moving party is only to demonstrate that the record does not disclose a genuine issue as to a material fact. Once that is done, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). Rather, the non-moving party must "come forward with 'specific facts showing there is a genuine

---

1. On March 4, 1993, the plaintiff filed an amended complaint substituting Allstate Insurance Company for Nationwide Mutual.

2. The Circuit Court heard oral arguments on the two summary judgment motions. The court granted defendant Robert L. Wright's motion after his counsel presented evidence that Robert L. was not involved in the accident and therefore could not have been negligent in the collision. On Robert A. Wright's motion, the Circuit Court concluded the amendment of the complaint to name Robert A. did not relate back to the date of the original complaint, so the plaintiff's suit was barred by the statute of limitations.

issue for trial.'" *Id.* at 587, 106 S.Ct. at 1356 (quoting Fed.R.Civ.P. 56(e) and adding emphasis). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Id.* (citations omitted). However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (citation omitted).

■ The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather the dispute must be outcome determinative under prevailing law. *Holloway v. Pigman,* 884 F.2d 365, 366 (8th Cir.1989).

The Eighth Circuit Court of Appeals has observed that recent Supreme Court decisions

> demonstrate that we should be somewhat more hospitable to summary judgments than in the past. The motion for summary judgment can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those cases that really do raise genuine issues of material fact.

*City of Mount Pleasant v. Associated Electric Cooperative, Inc.,* 838 F.2d 268, 273 (8th Cir.1988).

### III.

Robert A. Wright argues that the plaintiff's action is barred by the three-year statute of limitations set out in Ark.Code Ann. § 16–56–105. The original complaint naming "Robert Wright" was filed within the limitations period. The defendant argues proper service on this complaint was not made within the 120 days mandated by Ark.R.Civ.P. 4(i) because it was Robert L., not Robert A., who was served within the 120 days. The defendant contends that later service of the amended complaint on Robert A. does not save the plaintiff's cause of action because the amended complaint was filed on July 30, 1993, after the statute of limitations period had expired. The defendant also argues that the amended complaint does not relate back

to the first complaint under Ark.R.Civ.P. 15(c).

Ark.R.Civ.P. 4(i) in relevant part provides:

Time Limit for Service: If service of the summons is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon motion or upon the court's initiative. If a motion to extend is made within 120 days of the filing of the suit, the time for service may be extended by the court upon a showing of good cause. . . .

After the original complaint was filed on March 3, 1993 and Robert L. answered, the plaintiff understandably did not attempt to correct the defective service or file a motion for an extension of time in which to do so. It was understandable because Robert L.'s answer, in violation of Ark.R.Civ.P. 8(b), artfully avoided revealing that he was not the operator of the car involved in the accident and that he knew his son was the person the plaintiff intended to sue. Rule 8(b) requires denials to "fairly meet the substance of the averments denied."

Under the rules of civil procedure, a defendant must file an answer or other responsive pleading within 20 days of service of the summons and complaint. Ark.R.Civ.P. 12(a). If Robert L.'s answer had "met the substance" of the allegations that he was involved in a motor vehicle collision, the plaintiff would have realized her mistake and had ample time in which to perfect service on Robert A. As it was, Robert L. waited until after the 120–day period expired and then filed a motion for summary judgment which stated for the first time that he was not involved in the accident, but his son was.

Robert L.'s answer [Doc. # 7, Ex. H] admits "the motor vehicle collision which gives rise to this cause of action occurred in Crittenden County, Arkansas," and admits "on Saturday, March 3 (not 5), 1990, the Plaintiff was in a 1991 Mercury Sedan." It denies the plaintiff "was traveling east on Oliver Street in West Memphis, Arkansas" and denies the allegation that when the plaintiff attempted to stop her vehicle at 228 West Oliver, the defendant negligently operated his vehicle

and caused a rear-end collision between his vehicle and that of the plaintiff.

Robert L.'s answer also denied the allegations of the complaint which specified certain negligent acts, such as failing to keep a proper lookout. The answer stated he denied "that this Defendant was in any way negligent with regard to the occurrence."

The defendant's admission of some facts, such as the occurrence of the accident and the kind of car the plaintiff was driving, is surprising to the Court in light of his later statement that he was not operating the other car involved. The Court notes the accident report does not indicate there were any passengers in the car with driver "Robert Wright." Robert L.'s admissions, plus his denial of negligence, understandably led the plaintiff to conclude that proper service had been made.

The Court, and apparently the parties, have been unable to locate an Arkansas case where the person served has pretended to be the correct party until after the end of the 120–day period for perfecting service. While Ark.R.Civ.P. 4 "is designed to be generally consistent with" Fed.R.Civ.P. 4, it is not identical. Ark.R.Civ.P. 4, Reporter's Notes at 393 (Michie 1995). A few cases construing the federal version of Rule 4 do concern situations where a plaintiff has been misled regarding service.

In *In re Hollis & Company,* 86 B.R. 152, 154 (Bankr.E.D.Ark.1988), the court found good cause existed for improper service because, based on all the circumstances, it was reasonable for the plaintiff to believe that service had been properly accomplished within the appropriate time period. The court stated, "The Court further finds that justice would not be served by granting the Motion to Dismiss after actions of the Defendant reasonably gave the Plaintiff the impression that service had been made." *Id.* at 154. The court noted that under the legislative history of Rule 4, the defendant's evasion of service was good cause for failure to serve. *Id.* at 153.

In *Ditkof v. Owens–Illinois, Inc.,* 114 F.R.D. 104, 105 (E.D.Mich.1987), the court excused a complete lack of service on one defendant because the plaintiff "understandably [had been] lulled ... into believing that service had been accomplished." In that case, as this one, the plaintiff would have been unable to refile suit because the statute of limitations period had expired by the time the defendant raised the issue of lack of service.

In *Broadcast Music, Inc. v. M.T.S. Enterprises,* 811 F.2d 278, 281 (8th Cir.1987), the court observed that the federal rules "do not in any way suggest that a defendant may halfway appear in a case, giving plaintiff and the court the impression that he has been served, and, at the appropriate time, pull failure of service out of the hat...."

Looking at the record as a whole and at this answer in particular, the Court finds that the plaintiff was deceived into thinking her complaint had been properly served on the Robert Wright who was involved in the accident. Arkansas Rule of Civil Procedure 4(i) permits a court to extend the time in which service may be perfected upon a showing of good cause and if a motion to extend is made within the 120–day period. No motion to extend the time for service was made by the plaintiff within the 120 days. However, Robert A. was served promptly with an amended complaint after the plaintiff received notice that Robert L. was the father of the Robert Wright involved in the accident. In these circumstances, the Court finds there was good cause for failure to perfect the service on the original complaint within 120 days. The Court will not penalize the plaintiff for her failure to file a motion requesting an extension. The result of requiring a motion before the Court can grant an extension for good cause would be nonsensical in cases involving an evasion of service through the use of an imposter. The result would be that those defendants who successfully fooled the plaintiff into thinking service had been perfected, and thereby prevented them from filing a motion for an extension, would be able to have their cases dismissed for improper service. This Court does not believe the Arkansas Supreme Court would consider that a reasonable interpretation of Ark.Rule Civ.P. 4(i). The Court finds that the lack of service of the original complaint

on Robert A. should be excused because of Robert L.'s deceptive answer.[3] See *Ditkof v. Owens–Illinois, Inc., supra.* The Court simply does not believe that Robert L.'s answer was not part of a scheme by defendant Robert A. to enable Robert A. to evade service until after the statute of limitations had expired.

In *Ditkof, supra,* the Court excused the failure to serve within 120 days and directed the plaintiff to serve the defendant "forthwith." *Ditkof,* 114 F.R.D. at 105. In this case, defendant Robert A. has been served twice, once with the amended state court complaint and once with the federal court complaint. Nevertheless, the Court now directs the plaintiff to serve the original state court complaint on Robert A. within 20 days of the date of this Order.

The last issue to be addressed involves the plaintiff's taking of a non-suit on April 14, 1994. Under Ark.Code Ann. § 16–56–126, a plaintiff who commences a suit within the applicable statute of limitations period may take a voluntary non-suit and then start a new action on the same matter within one year after the non-suit. *Carton v. Missouri Pacific Railroad Co.,* 747 S.W.2d 93, 94 (Ark. 1988). The Court has found that the original complaint was within the statute of limitations period and has excused the plaintiff's failure to serve Robert A. within 120 days. The plaintiff refiled her suit in federal court on June 6, 1994, which is within the one-year time period allowed by the statute.

Defendant Robert A.'s motion for summary judgment should be, and hereby is, denied.[4]

IT IS SO ORDERED.

---

**3.** The Court agrees with the defendant that the amended complaint served on Robert A. does not relate back to the original complaint under Ark. R.Civ.P. 15(c) because Robert A. did not receive notice of the suit against him before the statute of limitations period expired. *Southwestern Bell v. Blastech, Inc.,* 313 Ark. 202, 852 S.W.2d 813, 814–15 (1993). Process in the state court suit was not served on Robert L. until after the limitations period ended because suit was filed on the last day of the period. However, like the state trial court, this Court finds unbelievable the Wrights' assertions that Robert L. never told his

## MEMORANDUM & ORDER

Several motions are pending in this case, which involves an automobile accident. The parties have been informed orally of the following rulings:

Defendant's motion for continuance [Doc. # 39] is denied. In that motion, the defendant questioned whether this Court has diversity jurisdiction. The Court will hold a hearing on the issue at 8:30 a.m., September 25, 1995. If the Court finds that it does have jurisdiction, the trial will immediately proceed.

The plaintiff's motion for oral argument and sworn testimony of Robert L. Wright, Robert A. Wright, and the claims adjuster [Doc. # 36] is granted. If the case is tried, the Court will hold a hearing on plaintiff's motion for sanctions [Doc. # 29] while the jury is deliberating.

The defendant's motion for reconsideration of the Court's Memorandum Opinion and Order of August 21, 1995 is denied [Doc. # 27] for the reasons that follow.

### I.

The August 21, 1995 Memorandum Opinion and Order denied the defendant's motion for summary judgment. Because it appears to the Court that its reasoning was not sufficiently clear to the defendant, the Court will attempt to restate its position in terms that should be crystal clear regardless of whether the defendant agrees with them or not.

This case was filed in the Circuit Court of Crittenden County, Arkansas, as the result of an automobile accident which occurred on March 3, 1990. The accident report listed the owner of the defendant's vehicle as "Robert Allen Wright" of 921 Rosewood in West

son about the lawsuit and Robert A. knew nothing of the action until he was served with the amended complaint. These assertions are made more incredible by the fact that father and son have the same attorney. See Doc. # 7, Ex. N, "Hearing March 10, 1994" at 129, 136; "Hearing April 29, 1994" at 153.

**4.** The Court would carefully consider a motion by the plaintiff for costs and attorney's fees arising from the deceptive answer of Robert L. Wright.

Memphis, Arkansas, and the operator as "Robert Wright" of that same address. Suit was subsequently filed against Robert Wright, and service was obtained on Robert Wright of 921 Rosewood in West Memphis, Arkansas, and Nationwide Insurance Company.

There are two Robert Wrights. Robert Allen Wright is the son of Robert L. Wright. Robert A. was the driver of the car and was living at the same address as his father at the time of the accident. Robert A. later moved to Tennessee. An answer to the state court suit was filed by "Robert L. Wright."

The answer of Robert L. was designed to lead any reasonable person, including an attorney or a judge, to believe that Robert L., the person upon whom service was effected, was the one involved in the accident with the plaintiff.

In paragraph one of his answer, Robert L. admitted or denied certain allegations of the complaint. He admitted, for example, that the accident took place in Crittenden County, a fact that presumably would be known only to someone who was either the driver or a passenger in the car—or would know from statements made to him by someone present at the accident.

In paragraph two of his answer, Robert L. admitted that the plaintiff "was in a 1991 Mercury sedan" but denied "that she was traveling east on Oliver Street in West Memphis." Again the admission or denial would be known to a driver, passenger, or witness or as the result of hearsay.

In paragraph four, Robert L. denied "that this defendant was in any way negligent with regard to the occurrence." That is a typical allegation that a true defendant would make. The subsequently filed amended answer of Robert L. does not alter any of the foregoing.

Not once when the case started did Robert L. reveal to the court or opposing counsel that he was not the "Robert Wright" involved in the accident. The fact that he styled his answer a "separate answer" does not change that situation because the complaint was filed against both "Robert Wright" and an insurance company.

The proper and ethical action for Robert L. Wright to have taken would have been to reveal to opposing counsel that they had served the wrong person, or to have filed a motion to dismiss stating that he was not the correct defendant, or to have answered with a denial that he was involved in the accident.

This did not happen, however, and he successfully lulled the plaintiff and her attorney into believing that the correct person had been served. Not until July 6, 1993, which was several days past the expiration of the time for the plaintiff to obtain proper service under the Arkansas Rules of Civil Procedure, did Robert L. Wright reveal the truth to the state court that he was not involved in the accident—he filed a motion for summary judgment in the state court on the basis that he was not the driver of the car in question.

The defendant, Robert A. Wright, and his counsel would have this Court believe that Rule 4(i) of the Arkansas Rules of Civil Procedure is so rigid and inflexible that no relief can be granted even when the plaintiff has failed to comply because of the deception practiced upon the plaintiff and upon the state court by the defendant. To assert that proposition is to assume that the Supreme Court of Arkansas will countenance fraud and deceit based upon artifice and the deliberate misrepresentation of the facts by concealing the true facts. Perhaps he would argue that the state Supreme Court would have no regard for the "unclean hands" doctrine in equity, even though the court has applied it many times. This Court does not have such a degrading opinion of our state's highest court.

There is no question in the mind of this Court that, given the facts described above, the Supreme Court of Arkansas would grant relief.

In *Firemen's Ins. Co. v. Jones,* 245 Ark. 179, 431 S.W.2d 728 (1968), the allegation was made that the liability insurance carrier of the Louisiana tortfeasor had, through fraud and deceit, lulled the injured parties into a sense of security until Louisiana's one-year statute of limitations ran on the claims. The agent of a claims' service had promised to settle with the claimants and advised them

to wait a year to evaluate their claims. It was held that this had lulled the claimants into a false sense of security and that the company's agent concealed the fact the claims would be barred after one year. They were allowed to recover despite the absence of proof of conspiracy between the insurer and the adjustment company or its employee.

There was a suspension of the running of the statute of limitations in *Montgomery v. First Nat'l Bank of Newport,* 242 Ark. 329, 414 S.W.2d 109 (1967), in a guardian and ward situation in which the ward first learned of the misappropriation of property at the death of the guardian. Justice George Rose Smith stated for the Arkansas Supreme Court that it was justified in suspending the running of limitations due to concealment of fraud and the fiduciary relationship involved.

In *Walters v. Lewis,* 276 Ark. 286, 634 S.W.2d 129 (1982), a personal representative was held to have breached her trust and to be guilty of fraud in failing to notify the appellants, decedent's wife and child, of the decedent's death, of failing to disclose her appointment as personal representative, and of failing to advise appellants when the estate was closed. Further, she was held to have perpetrated a fraud upon the court by leaving the appellants' names off the list of heirs, which she was required to prepare under the Probate Code. The court quoted from a prior case *Williams v. Purdy,* 223 Ark. 275, 265 S.W.2d 534 (1954) as follows:

> Mere ignorance of one's rights does not prevent the operation of the statute of limitations, *but where the ignorance is produced by affirmative and fraudulent acts of concealment, the statute of limitations does not begin to run until the fraud is discovered.*

634 S.W.2d at 132. (Emphasis added.) The court added: "Silence on the part of one who is under no duty to speak will not prevent the statute from running. However, if there is some positive act of fraud which would conceal a plaintiff's cause of action then the statute is tolled." *Id.* (Citation omitted.)

What applies to a state statute of limitations quite obviously would apply to a state Supreme Court rule. In our case, Robert L. Wright did perform a "positive act of fraud"

on both the plaintiff and on the state trial court by affirmatively leading them to believe summons was served on the Robert Wright who was involved in the accident.

There are other similar Arkansas cases. In *State of Tennessee v. Barton,* 210 Ark. 816, 198 S.W.2d 512 (1946), Dr. Barton had his insane wife committed to a state hospital in Nashville, Tennessee, and he agreed to pay her hospital expenses. When he later wrote the hospital that he was no longer able to keep up the payments, and the hospital authorities relied on his representation, he was estopped to plead the statute of limitations either individually or as guardian of his wife's separate estate. An interesting aspect of this case is that Dr. Barton's estoppel was imputed to his wife's estate also. So, also, in this lawsuit, Robert A. Wright cannot be permitted to profit from the deception practiced by his father.

The statute of limitations on medical malpractice actions was held tolled by fraudulent concealment in *Jones v. Central Arkansas Radiation Therapy Inst.,* 270 Ark. 988, 607 S.W.2d 334 (1980) in which a defendant physician had a report from the Veterans Administration Hospital that treatment by him had resulted in severe and permanent injuries to the patient, and he repeatedly postponed further examinations to determine the cause until the statute of limitations had expired.

A recent Arkansas federal court case on this subject is *Jackson v. Swift–Eckrich,* 830 F.Supp. 486 (W.D.Ark.1993). The court quoted approvingly from *Hughes v. McCann,* 13 Ark.App. 28, 678 S.W.2d 784 (1984) as follows: "Affirmative action on the part of the person charged with fraud to conceal a plaintiff's cause of action will toll the running of the statute of limitations." *Jackson,* 830 F.Supp. at 489. In the present case, as stated, the affirmative action taken by defendant's father was to file an answer which could only be construed as leading the plaintiff and her attorney to believe that they had service on the true defendant.

Judge H. Franklin Waters in the *Jackson* case also quoted from Howard W. Brill, *Ar-*

**940**

*kansas Law of Damages* § 35–7 at 489 (2d ed. 1990) as follows:

> This cause of action, which would be described as innocent misrepresentation or non-disclosure in other jurisdictions, exists even though any evil intention or moral wrong is absent. The action may be based on a mistake of fact. The essential element is that a legal or equitable duty has been breached in such a way that the law declares that breach to be fraudulent because of its tendency to deceive others, regardless of the moral guilt or intent of the fraud-feasor.

*Jackson,* 830 F.Supp. at 488. That is more far-reaching than the present case. This was no innocent misrepresentation or non-disclosure on the part of defendant's father. He knew that he was not driving the car. His answer was intended to deceive, and it succeeded.

As stated in *Dupree v. Twin City Bank,* 300 Ark. 188, 777 S.W.2d 856 (1989):

> As to fraud or misrepresentation, mere ignorance of one's rights does not prevent the running of the statute of limitations or laches, unless such ignorance is due to fraudulent concealment or misrepresentation on the part of those invoking the benefit of the statute ... While an action for fraud must be brought within three years from the date the cause of action accrues, the fraud does suspend the running of the statute of limitations and the suspension remains in effect until the party having the cause of action discovered the fraud or should have discovered it by the exercise of reasonable diligence. (Citations omitted.)

*Id.* 777 S.W.2d at 858. (Quoted approvingly in *Jackson v. Swift–Eckrich, supra.*)

Of course, state Circuit Judge Gerald Pearson commented in court on the existence of a suit based on fraud by the plaintiff against Robert L. Wright. That is a possible separate cause of action the plaintiff may have, but it is not the subject of the instant suit. Moreover, although the plaintiff may have a separate cause of action against Robert L. Wright, that does not prevent this Court from construing the Arkansas Rules of Civil Procedure in the manner in which it appears the Supreme Court of Arkansas would have construed them based on the cases previously discussed.

**II.**

The defendant supported his motion for reconsideration with excerpts from a transcript, a deposition, and a note from the plaintiff's employer, which the defendant believes show that the plaintiff and her attorney knew Robert A. Wright was the "Robert Wright" involved in the accident before the state court complaint was filed. Even if this is correct, this does not change the fact that Robert L. Wright affirmatively acted to mislead the plaintiff into thinking the proper party had been served.

**III.**

In sum, the defendant's motions for reconsideration and for a continuance are denied. The plaintiff's motion for oral argument and sworn testimony is granted.

IT IS SO ORDERED.