RANDY L. SMEAL, APPELLANT, V.
RICKARD W. OLSON, APPELLEE.
636 N.W.2d 636

Filed December 11, 2001.   No. A-00-834.

Terry M. Anderson and Timothy J. O'Brien, of Hauptman, O'Brien, Wolf & Lathrop, P.C., for appellant.

Jeffrey H. Jacobsen and Nicole M. Mailahn, of Jacobsen, Orr, Nelson, Wright & Lindstrom, P.C., for appellee.

HANNON, SIEVERS, and MOORE, Judges.

SIEVERS, Judge.

In this tort litigation, the original petition was timely filed, but against the wrong defendant, who was timely served. The amended petition which substituted the correct defendant was filed after the statute of limitations had run. And the new defendant was not served with process until after the 4-year statute of limitations and the 6-month grace period for service of process had both run. Therefore, the question is whether the amended petition can relate back to the timely-filed original petition so that the plaintiff can maintain this suit against the second defendant.

## BACKGROUND

Randy L. Smeal, an Omaha, Nebraska, resident, sued Rickard K. Olson (father), a Buffalo County, Nebraska, resident, for negligence in causing an automobile accident in Kearney, Nebraska, on December 15, 1994, which injured Smeal. Smeal filed his petition in the district court for Buffalo County on December 15, 1998, 1 day before the statute of limitations would have barred his claim under Neb. Rev. Stat. § 25-207 (Reissue 1995). The father was served with summons by certified mail on June 11, 1999, 4 days before the expiration of the 6-month grace period allowed by Neb. Rev. Stat. § 25-217 (Reissue 1995) for service of process.

In his answer, dated June 28, 1999, the father admitted that he was operating a vehicle which collided with Smeal, but he denied any negligence. However, on October 14, the father filed a motion to file an amended answer to "clearly reflect" the fact that it was his son, Rickard W. Olson (son), who was driving the vehicle which collided with Smeal. The district court allowed Smeal to file an amended petition, which he did on November 17, which named the son as the driver. The next day, the father filed his amended answer in which he alleged that the driver was his son. Smeal filed a motion to substitute parties on December 6. The court sustained the motion, and the son was served summons on February 1, 2000, at an address different from the address at which the father had been served.

After successfully demurring to the amended petition by alleging that the statute of limitations had run, the son again attempted to assert the statute of limitations as a bar to the suit by demurrer. The trial court overruled the son's demurrer because it found that the second amended petition did not show on its face that the statute of limitations had run against the son. The son filed his answer on May 26 and also filed a motion for summary judgment, asserting that Smeal's action was barred by the statute of limitations.

The district court sustained the son's motion for summary judgment and dismissed the action against the son, relying upon its interpretation of *Zyburo v. Board of Education*, 239 Neb. 162, 474 N.W.2d 671 (1991). The district court said that although Nebraska law allows a 6-month grace period for obtaining proper service upon a defendant after a petition has been filed, the grace period does not extend the statute of limitations. Because the father was not notified of this lawsuit until June 11, 1999, 4 days short of a full 6 months after the 4-year statute of limitations had expired, the son could not be charged with knowledge of the filing of the action before that date. Therefore, the statute of limitations barred Smeal from relating his action against the son back to the original suit and his service of process on the father. Smeal appeals to this court.

## ASSIGNMENT OF ERROR

Smeal assigns error to the district court's decision that the relation back rule does not permit substitution of the son for the father.

## STANDARD OF REVIEW

■ On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *McLain v. Ortmeier*, 259 Neb. 750, 612 N.W.2d 217 (2000); *Stinson v. City of Lincoln*, 9 Neb. App. 642, 617 N.W.2d 456 (2000). This appeal essentially presents an issue of law.

## ANALYSIS

*Relation Back: Nebraska Courts Look to Federal Rule.*

Smeal notes that while Nebraska permits an amended pleading to relate back to the date of the filing of the original pleading, we

lack a controlling statute, and that therefore, the development of the doctrine in Nebraska has been left to case law. See, *Prochaska v. Douglas Cty.*, 260 Neb. 642, 619 N.W.2d 437 (2000); *Zyburo v. Board of Education, supra*; *Pittman v. Foote Equip. Co.*, 1 Neb. App. 105, 487 N.W.2d 584 (1992).

The Nebraska Supreme Court addressed the issue of substituting parties and relation back to the original action in *Zyburo v. Board of Education, supra.* Zyburo filed a petition against a school board, claiming unlawful termination of his employment. The petition against the board was timely filed within the required 30 days of the board's order discharging Zyburo, but the amended petition against the school district was not timely filed. Zyburo claimed the substitution of the parties did not render the amended petition untimely, because the original petition naming the board gave the district notice of the suit within the 30-day limitations period. The court cited *Schiavone v. Fortune*, 477 U.S. 21, 106 S. Ct. 2379, 91 L. Ed. 2d 18 (1986), which held that an amendment substituting parties relates back to the original complaint when a defendant has notice of the first complaint prior to the time bar. The *Schiavone* Court stated: "Timely filing of a complaint, and notice within the limitations period to the party named in the complaint, permit imputation of notice to a subsequently named and sufficiently related party." 477 U.S. at 29. The U.S. Supreme Court said of the applicable federal rule, Fed. R. Civ. P. 15(c) (1994):

> Relation back is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

477 U.S. at 29.

The court in *Zyburo v. Board of Education*, 239 Neb. 162, 474 N.W.2d 671 (1991), acknowledged the similarity between the quoted holding of *Schiavone* based on rule 15(c) and Nebraska's case law. However, the *Zyburo* court noted that an

amendment which substantially changed the nature of the claim was not permitted, citing *Malerbi v. Central Reserve Life*, 225 Neb. 543, 407 N.W.2d 157 (1987), and that where the defendant was prejudiced because the statute of limitations had run, the amendment would not relate back to the time of original filing, citing *Chlopek v. Schmall*, 224 Neb. 78, 396 N.W.2d 103 (1986). The *Zyburo* court said that "the keystone determining whether a change in party defendant relates back to the original pleading is whether the substituted party had notice of the suit within the period of limitations." 239 Neb. at 169, 474 N.W.2d at 676. In the case at hand, there is no evidence whatsoever that the son had notice of the suit before December 16, 1998, when the 4-year statute of limitations ran on this tort action, bearing in mind that the father was not served with process until June 11, 1999, well after the statute of limitations had run.

Smeal points out that after *Schiavone* was decided, rule 15(c) was amended by Congress to overrule that decision. As a result of the amendment, rule 15(c) now provides that the amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied *and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice* of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

(Emphasis supplied.)

Under the 1991 amendments to rule 15(c)(3), " 'the notice required . . . no longer is tied to the governing limitations period, but is linked to the federal service of process period of 120 days or any additional time resulting from a court-ordered extension.' "

*Ocasio Ortiz v. Betancourt Lebron*, 146 F.R.D. 34, 37 (D.P.R. 1992), quoting 6A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1498 (Supp. 1992). Thus, Smeal is correct, at least under federal law, when he asserts that if the substituted party had notice of the action during the grace period, the amended pleading relates back to the original pleading. Fed. R. Civ. P. 4(m) (1994) provides for a grace period of 120 days for service after filing of a complaint in the federal system, just as § 25-217 provides for a grace period of 6 months to accomplish service of process after filing of a petition in Nebraska's courts. Smeal contends that the issue to be decided is whether "acquisition of knowledge by the party to be substituted <u>after</u> the limitation period had run but before the expiration of the six-month service of process [period] permits relation back to the original petition filed within the limitation period." Brief for appellant at 7. However, to so frame the issue requires the predicate assumption that the father informed the son of the lawsuit after the father was served on June 11, 1999, before the grace period ended 4 days later on June 15—or that the son somehow otherwise knew of the suit against his father. The problem, after our examination of the record, is that Smeal introduced no evidence to support such assumption, nor do the pleadings, by themselves, allow any such assumption.

Although Nebraska has used rule 15(c) for guidance, we obviously must use our own 6-month grace period for service of process found in our statute, § 25-217, rather than the 4-month period under federal law. Otherwise, *Zyburo v. Board of Education*, 239 Neb. 162, 474 N.W.2d 671 (1991), and its endorsement of the federal law still guides our decision. Smeal filed his original petition, naming the father as the defendant on December 15, 1998. Because Smeal timely sued the father and perfected service on the father within the 6-month grace period, his amended petition, naming the son as a defendant, relates back if (1) the son had such notice that he is not prejudiced in his defenses and (2) the son must have known, or should have known, that but for the mistake of identity he would have been the one originally sued. And, it is abundantly clear that these two things must have occurred within the "prescribed limitations period." See, *Schiavone v. Fortune*, 477

U.S. 21, 106 S. Ct. 2379, 91 L. Ed. 2d 18 (1986); *Zyburo v. Board of Education, supra.*

*Whether Son Had Notice Within Limitations Period So That His Defenses Are Not Prejudiced.*

Before answering this question, we first observe what may well be obvious: Notice to the added defendant within the prescribed limitations period necessarily means notice other than by formal service of process, because if the added defendant could be timely served, there would be no need to even bother with relating back.

We now turn again to rule 15(c) and the federal cases for guidance. Subsection (3) of rule 15(c) does not require actual service upon a late-added defendant in order for the notice requirement to be satisfied, nor does the rule require that the notice issue directly from the plaintiff. *Loveall v. Employer Health Services, Inc.*, 196 F.R.D. 399 (D. Kan. 2000). Informal notice to the new party of commencement of the action is sufficient. *Bruce v. Smith*, 581 F. Supp. 902 (W.D. Va. 1984). For purposes of analysis, we assume, without deciding, that the phrase "within the period of limitations" includes both the statute of limitations plus whatever time might be added by a state's grace period.

A case nearly identical on the facts to the instant case is *Eddinger v. Wright*, 904 F. Supp. 932 (E.D. Ark. 1995). After a traffic accident on March 3, 1990, Eddinger filed an action against Robert Wright in both state and federal courts. Eddinger filed a complaint naming as the defendant Robert Wright in the Arkansas state courts on March 3, 1993, 1 day before the state's 3-year statute of limitations for the action would have run. A copy of the complaint and a summons were sent to where both Robert L. Wright, father, and Robert A. Wright, son, lived at the time of the accident. However, by the time suit was filed and process served, Robert A. had moved to Tennessee.

Robert L. filed an answer to the complaint, denying that he was negligent, but admitting some facts, such as the occurrence of the accident and the kind of car Eddinger was driving. Whether Robert L. was the driver was not addressed by the answer. Several days after the 120-day grace period under Arkansas law for service of process expired, Robert L. moved

for summary judgment. In that motion, Robert L. contended that he was not the driver of the car involved in the accident and that Robert A. had been driving the vehicle when the accident occurred. Eddinger amended her complaint and served Robert A., who moved for summary judgment or dismissal on the basis that the action was barred by the applicable statute of limitations, or alternatively, because he was served more than 120 days after the filing of the original complaint.

The case proceeded through the Arkansas appellate courts and ended up before the federal district court via procedural routes not relevant here. The federal court said the issue was "whether a defendant may purposely mislead a plaintiff into believing proper service has been made and then succeed in having the case dismissed for improper service and expiration of the statute of limitations." 904 F. Supp. at 934.

The court found that Eddinger's failure to correct the defective service or file a motion for an extension of time to do so as allowed under Arkansas law was "understandabl[e]" as Robert L. "artfully" avoided revealing that he was not the operator of the car involved in the accident and he knew Robert A. was the person Eddinger intended to sue. *Id.* at 935. The court noted that the federal rules, similar to Arkansas law, required denials to " 'fairly meet the substance of the averments denied.' " *Id.* The court pointed out that if Robert L.'s answer had " 'met the substance' " of the allegations that he was involved in a motor vehicle collision, Eddinger would have realized her mistake and would have had ample time in which to perfect service on Robert A. *Id.* Instead, Robert L. waited until after the 120-day period allowed for service of process expired before filing his motion for summary judgment, in which he stated for the first time that Robert A. was the driver.

The court said it looked without success for "an Arkansas case where the person served has pretended to be the correct party until the end" of the grace period for perfecting service. *Id.* at 936. Because of the deception involved, the court found that there was "good cause for failure to perfect the service on the original complaint within 120 days." *Eddinger v. Wright,* 904 F. Supp. 932, 936 (E.D. Ark. 1995). Thus, the court concluded it would not penalize Eddinger for failing to file a motion for

extension of the 120 days, characterizing the situation as "involving an evasion of service through the use of an imposter." *Id.* The court concluded that Robert L.'s deceptive answer was part of a "scheme" to enable Robert A. to avoid service of process. *Id.* at 937. (Robert L. and Robert A. had the same counsel.) Finding that the original complaint was filed within the statute of limitations and that Eddinger's failure to serve Robert A. within 120 days was excused, Robert A.'s motion for summary judgment was denied.

Here, the father was served June 11, 1999, 4 days before the 6-month grace period for service of process allowed by Nebraska law expired. The father's inaccurate answer to Smeal's original petition was filed on June 28, within the 30 days allowed for a responsive pleading to the petition. But, the filing was several weeks after the grace period for service of process had expired. In his answer, the father admitted that he was operating the vehicle involved in the collision with Smeal's vehicle, but he denied any negligence. On October 14, the father filed a motion to file an amended answer "to clearly reflect the fact that he was not the operator of a vehicle involved in a collision with the plaintiff . . . said vehicle having been operated by Rickard W. Olson, Rickard K. Olson's son."

Although the father's answer certainly qualifies as "artful" avoidance, and perhaps part of a "scheme" of deception, the key findings upon which the *Eddinger* court denied the late-added defendant's motion for summary judgment, we note that § 25-217 does not allow Nebraska courts to extend the time for service of process, as does Arkansas' statute. Moreover, the Nebraska courts have held that § 25-217 is a self-executing statute which, once the 6 months has run, deprives the district court of jurisdiction to take any further action in the case. See, *Vopalka v. Abraham,* 260 Neb. 737, 619 N.W.2d 594 (2000); *McDaneld v. Fischer,* 8 Neb. App. 160, 589 N.W.2d 172 (1999). Even a voluntary appearance entered after the 6 months in lieu of service does not revive the action to give the district court jurisdiction because the action is deemed dismissed even without action of the trial court once the grace period has run. See *Vopalka v. Abraham, supra.*

In a phrase, we have construed § 25-217 as having a "drop dead" effect for a case in which service is not perfected within

the grace period. Thus, while the court's opinion in *Eddinger v. Wright, supra,* may resonate with our sense of justice, we are bound to decide this case under Nebraska law. And, the "drop dead" feature of our grace period statute means that *Eddinger v. Wright* is distinguishable. The Arkansas statute specifically allows a court-ordered extension, but under the present state of Nebraska law, courts lack the ability to expand the grace period or dispense with the statute of limitations. If the grace period is to be expanded where there is deception by the named defendant who is related or connected to the added defendant, then the Legislature must change the statute, we cannot.

Because we find that the grace period cannot be expanded, we are left with determining whether the record establishes that all four conditions for relation back from *Zyburo v. Board of Education,* 239 Neb. 162, 474 N.W.2d 671 (1991), were satisfied within the period of limitations, and again, we include the 6-month grace period. The key factor is clearly whether the son had notice of the suit by means other than service, because he was not served until well after the statute of limitations and the grace period had run. There were only 4 days left in the grace period for the son to gain such notice, but Smeal introduced no evidence whatsoever that he did, or even evidence which would allow such an inference. Smeal cannot credibly assert that he would have served the son within the limitations period had the father made it immediately clear in his answer that Smeal had mistakenly named him as the driver, because the father was served only 4 days before the grace period for service of process expired and of course the father's answer was not due until long after the grace period ran—even assuming that the grace period is within the limitations period. And, as previously said, there is no authority to extend the grace period of § 25-217.

Wanting our analysis to be complete, we point out that although the father and the son shared the same attorney, as did Robert L. and Robert A. in *Eddinger v. Wright,* 904 F. Supp. 932 (E.D. Ark. 1995), the court in *Eddinger* did not identify that factor as sufficient to impute notice to Robert A. of Eddinger's claim and original service upon Robert L. Compare *Bruce v. Smith,* 581 F. Supp. 902 (W.D. Va. 1984) (same attorney represented original and additional defendants at all times from institution of suit,

such that relation back of amendments substituting individual police officers in place of fictitious defendants allowed). Moreover, although Robert L. and Robert A. were known to be living at the same address at the time of the accident in *Eddinger*, here there is no proof in the record that the father and the son in this case lived together when the accident with Smeal occurred. In fact, the father's amended answer alleged that the son was a resident of another county. Further, the record shows that Smeal served the father on June 11, 1999, at a different address in Mitchell from the address at which the son was served on February 1, 2000.

We can certainly speculate that the son may have actually known or should have known before the limitations period ran, that but for Smeal's mistake in naming the defendant, the action would have been brought against him. However, evidence of such knowledge or circumstances from which such knowledge could be inferred is required, and Smeal has provided no such evidence. Smeal did not undertake discovery as to when the father or the son knew the original claim had been filed. While the district court in its analysis gave Smeal the benefit of the doubt by assuming the son had notice of the action as soon as his father was served, that assumption has no evidentiary basis, as it must, to be determinative. Accordingly, we make no such assumption in our analysis.

The son moved for summary judgment, and the record clearly shows that he was sued outside the statute of limitations and served outside the grace period. Thus, the burden shifted to Smeal to prove by evidence that the factual predicates for application of the doctrine of relation back existed. See *Naidoo v. Union Pacific Railroad*, 224 Neb 853, 402 N.W.2d 653 (1987) (if moving party shows entitlement to summary judgment, burden of proof shifts to opposing party to produce contrary evidence).

Under *Zyburo v. Board of Education*, 239 Neb. 162, 474 N.W.2d 671 (1991), first, the son must have known, or should have known within the limitations period, even if such time period is construed to include the grace period, that but for the mistake of Smeal, the action would have been brought against him and second, that he had such notice that he would not be prejudiced in his defenses—which includes the defense of the

statute of limitations. See *Simmons v. Fenton,* 480 F.2d 133 (7th Cir. 1973) (loss of defense of statute of limitations is prejudice to defendant when determining if relation back will be allowed). Finding no evidence that the son had such notice or evidence from which to infer such notice even viewing the record most favorably to Smeal as we must on the son's motion for summary judgment, we find that the amended petition against the son does not relate back to the timely suit filed against the father. Even if we were to extend that timeframe to include the 6-month grace period, as Congress did by amending rule 15(c) to over-rule *Schiavone v. Fortune,* 477 U.S. 21, 106 S. Ct. 2379, 91 L. Ed. 2d 18 (1986), the result does not change, given the complete lack of evidence on the matter of notice. Accordingly, while our analysis might differ somewhat from that of the district court, that court properly granted summary judgment and dismissed the action against the son, Rickard W. Olson.

AFFIRMED.