RANDY L. SMEAL, APPELLANT, V.
RICKARD W. OLSON, APPELLEE.
644 N.W.2d 550

Filed May 24, 2002. No. S-00-834.

Terry M. Anderson and Timothy J. O'Brien, of Hauptman, O'Brien, Wolf & Lathrop, P.C., for appellant.

Jeffrey H. Jacobsen and Nicole M. Mailahn, of Jacobsen, Orr, Nelson, Wright & Lindstrom, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

In this appeal, we examine the rules governing when an amended petition naming a new defendant in a civil action relates

back to the date on which the original petition was filed for purposes of determining whether the statute of limitations bars the claim against the new defendant. Based upon its determination that the relation-back doctrine did not apply, the Nebraska Court of Appeals affirmed an order of the district court for Buffalo County entering summary judgment in favor of appellee, Rickard W. Olson, the defendant below. *Smeal v. Olson*, 10 Neb. App. 702, 636 N.W.2d 636 (2001). We granted the petition for further review filed by appellant, Randy L. Smeal, the plaintiff below.

## BACKGROUND

On December 15, 1998, Smeal filed a petition alleging that Rickard K. Olson negligently caused a December 15, 1994, motor vehicle accident. The petition was filed 1 day prior to the expiration of the 4-year statute of limitations. See Neb. Rev. Stat. § 25-207 (Reissue 1995). Rickard K. was served with summons on June 11, 1999, after the period of limitations had run and 4 days before the expiration of the 6-month period for service of process allowed by Neb. Rev. Stat. § 25-217 (Reissue 1995). He filed an answer on June 28, in which he admitted that a vehicle operated by him collided with a vehicle operated by Smeal on December 15, 1994, but denied the remaining allegations in the petition.

On October 14, 1999, Rickard K. moved for leave to file an amended answer in order to "clearly reflect the fact that he was not the operator of a vehicle involved in a collision with the plaintiff as alleged in the plaintiff's Petition, said vehicle having been operated by Rickard W. Olson, Rickard K. Olson's son." Smeal was granted leave to file an amended petition naming Rickard W. as defendant and did so on November 17. Rickard W. was served with a summons on February 1, 2000.

Rickard W. filed a demurrer to the amended petition, averring that the claim against him was barred by the statute of limitations. The district court sustained the demurrer but granted leave to file a second amended petition. Smeal did so on March 6, 2000, naming Rickard W. as defendant and specifically alleging that the second amended petition related back to the filing of the original petition, "since Rickard W. Olson, Defendant, had notice of Plaintiff's original Petition prior to the time bar." Rickard W. filed another demurrer, which was overruled.

Rickard W. then filed an answer in which he admitted that he was the driver of the vehicle at the time of the accident but generally denied Smeal's remaining allegations. He affirmatively alleged that the statute of limitations barred the claim against him. On the same day he filed his answer, Rickard W. filed a motion for summary judgment.

The evidence offered at the hearing on the motion for summary judgment consisted of copies of the pleadings which had been filed in the action and the proof of service of process on both Rickard K. and Rickard W. On July 18, 2000, the district court granted Rickard W.'s motion for summary judgment, reasoning on the basis of *Zyburo v. Board of Education*, 239 Neb. 162, 474 N.W.2d 671 (1991), that the second amended petition could not relate back to the original petition as a matter of law because Rickard W. did not have notice of the original action until after the statute of limitations had run.

Smeal appealed, arguing that an amended petition naming a new defendant can relate back to the filing date of the original petition under Nebraska law if the new defendant had notice of the original action within the prescribed limitations period plus the 6-month period permitted under § 25-217 for obtaining service following the filing of the original action. Assuming without deciding that this proposition was correct, the Court of Appeals determined that Smeal had failed to prove that Rickard W. had notice by means other than service within this time period and, therefore, affirmed the judgment of the district court. *Smeal v. Olson*, 10 Neb. App. 702, 636 N.W.2d 636 (2001).

ASSIGNMENTS OF ERROR

On further review, Smeal assigns that the Court of Appeals erred in allocating the burden of proof on the summary judgment motion.

STANDARD OF REVIEW

Summary judgment is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *McCarson v. McCarson, ante* p. 534, 641 N.W.2d 62 (2002);

*Altaffer v. Majestic Roofing, ante* p. 518, 641 N.W.2d 34 (2002). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Polinski v. Sky Harbor Air Serv., ante* p. 406, 640 N.W.2d 391 (2002).

When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Sydow v. City of Grand Island, ante* p. 389, 639 N.W.2d 913 (2002).

## ANALYSIS

### RELATION BACK

At all times relevant to this action, Nebraska had no statute or court rule specifying when an amended petition relates back to the filing of a prior petition for purposes of determining whether a claim is time barred. This court has held that for limitations purposes, an amended pleading in the same cause of action ordinarily relates back to the original pleading. *Meyer Bros. v. Travelers Ins. Co.*, 250 Neb. 389, 551 N.W.2d 1 (1996); *St. Paul Fire & Marine Ins. Co. v. Touche Ross & Co.*, 244 Neb. 408, 507 N.W.2d 275 (1993). A more complicated issue arises when the amendment seeks to add or substitute a new defendant. We addressed this issue in *Zyburo v. Board of Education*, 239 Neb. 162, 474 N.W.2d 671 (1991), upon which both the district court and the Court of Appeals relied in this case.

In *Zyburo*, a school guidance counselor who claimed he was unlawfully terminated from his employment filed a petition in error naming the school board as defendant. The petition was timely filed within the required 30 days of the board's order discharging the counselor. The district court, however, sustained the board's special appearance, finding that the proper party defendant was the school district, not the school board. After the limitations period had expired, the counselor filed an amended petition naming the school district as defendant. The district court found the petition untimely and dismissed the action. On appeal, we held that the school board was the alter ego of the school district and that it was thus proper in an error proceeding to name either or both as parties defendant. In addressing whether the

amended petition related back to the date of filing of the original petition, we cited and discussed *Schiavone v. Fortune*, 477 U.S. 21, 106 S. Ct. 2379, 91 L. Ed. 2d 18 (1986).

In *Schiavone*, the plaintiffs filed libel suits naming Fortune as the defendant prior to the expiration of the statute of limitations. Service was not attempted until after the limitations period had expired. The plaintiffs subsequently learned that Fortune was merely a division of Time, Inc., and amended their complaints to name Time as the proper defendant. The lower court found that the amended complaints were barred by the statute of limitations. On appeal to the U.S. Supreme Court, the plaintiffs argued (1) that institution of the action against Fortune was equivalent to institution of an action against Time due to the close relationship between the two and (2) that the amended petitions nevertheless related back under Fed. R. Civ. P. 15(c). In addressing the plaintiffs' first argument, the Court recognized that the "[t]imely filing of a complaint, and notice within the limitations period to the party named in the complaint, permit imputation of notice to a subsequently named and sufficiently related party." *Schiavone*, 477 U.S. at 29. However, the Court found that such a rule could not benefit the plaintiffs because "neither Fortune nor Time received notice of the filing until after the period of limitations had run [and t]hus, there was no proper notice to Fortune that could be imputed to Time." *Id.*

The Court then addressed the application of rule 15(c), summarizing the rule as follows:

> (1) [t]he basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled *within the prescribed limitations period.*

(Emphasis supplied.) *Schiavone*, 477 U.S. at 29. The language of rule 15(c) as it existed at the time of *Schiavone* did not actually contain the phrase "within the prescribed limitations period," but, rather, the language " 'within the period provided by law for commencing the action against' Time." 477 U.S. at 30. The Court

concluded that the plain meaning of this language required a substituted party to have notice within the statute of limitations only and made it impossible to extend the notice period to include the time for service of process. *Id.*

We stated in *Zyburo v. Board of Education*, 239 Neb. 162, 474 N.W.2d 671 (1991), that because of the similarity between rule 15(c) and our case law, we look to federal decisions for guidance in applying the relation-back doctrine. Relying primarily on *Schiavone*, we stated, "the keystone determining whether a change in party defendant relates back to the original pleading is whether the substituted party had notice of the suit within the period of limitations." *Zyburo*, 239 Neb. at 169, 474 N.W.2d at 676. We concluded that because the school board and the school district were "one and the same," service upon the board gave the district notice within the limitations period, and thus the amended petition related back. *Id.* at 169-70, 474 N.W.2d at 676.

It is unclear from the *Zyburo* opinion whether the requisite service upon the board and thus notice to the board occurred during the 30-day limitations period or whether it occurred during the additional period for service of process following the 30 days. *Zyburo* thus does not expressly address the specific issue presented in this case, i.e., whether the relation-back doctrine applies in the circumstance where the party added by amendment is alleged to have acquired notice of a timely filed original petition after the prescribed limitations period has expired but within the statutory period for obtaining service of process on a defendant named in the original petition. In this regard, § 25-217 provides that "[a]n action is commenced on the date the petition is filed with the court. The action shall stand dismissed without prejudice as to any defendant not served within six months from the date the petition was filed."

In addressing this issue, the Court of Appeals looked to current federal law for guidance, as we did in *Zyburo*. Subsequent to the Supreme Court's decision in *Schiavone v. Fortune*, 477 U.S. 21, 106 S. Ct. 2379, 91 L. Ed. 2d 18 (1986), rule 15(c) was amended and currently provides:

> An amendment of a pleading relates back to the date of the original pleading when . . . (2) the claim or defense asserted in the amended pleading arose out of the conduct,

transaction, or occurrence set forth or attempted to be set forth in the original pleading, or (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, *within the period provided by Rule 4(m) for service of the summons and complaint,* the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

(Emphasis supplied.) The Court of Appeals correctly noted that this rule as amended "does not require actual service upon a late-added defendant in order for the notice requirement to be satisfied, nor does the rule require that the notice issue directly from the plaintiff." *Smeal v. Olson,* 10 Neb. App. 702, 708, 636 N.W.2d 636, 642 (2001). Rather, "[i]nformal notice to the new party of commencement of the action is sufficient." *Id.* Accordingly, the Court of Appeals assumed without deciding that the period in which actual notice of the suit on the part of the substituted defendant would trigger the relation-back doctrine included the limitations period plus the 6-month period allowed for service of process under § 25-217, which is this state's equivalent of Fed. R. Civ. P. 4(m).

We agree with this reasoning. The main purpose of a statute of limitations is to notify the defendant of a complaint against him or her within a reasonable amount of time so that the defendant is not prejudiced by having an action filed long after the time he or she could have had to prepare a defense against a claim. *Becker v. Hobbs,* 256 Neb. 432, 590 N.W.2d 360 (1999); *Hullinger v. Board of Regents,* 249 Neb. 868, 546 N.W.2d 779 (1996). Under our statutory scheme, a properly named defendant might not have actual knowledge of a suit filed on the last day of the prescribed limitations period until served with summons up to 6 months later as permitted by § 25-217. If it is shown that the original defendant was named in error and that the party who should have been named had actual knowledge of the suit within the same time period, we see no logical reason why that party

cannot be substituted as a defendant by an amended petition which relates back to the filing of the original petition for purposes of the statute of limitations. See, *West v. Buchanan*, 981 P.2d 1065 (Alaska 1999); *Ritchie v. Grand Canyon Scenic Rides*, 165 Ariz. 460, 799 P.2d 801 (1990). Accordingly, we hold that for the purpose of applying the relation-back doctrine to a defendant named for the first time in an amended petition, the period during which the new defendant must be shown to have had the requisite knowledge of the suit includes the statutory period prescribed for the filing of the original petition plus the additional 6-month period in which summons could be served pursuant to § 25-217.

We are aware that during the pendency of the petition for further review in this case, L.B. 876 was enacted which includes provisions dealing with relation back of amended pleadings. See 2002 Neb. Laws, L.B. 876. This new law does not apply to the present case, and we express no opinion as to how the issues now before us would be determined under its provisions.

### SUMMARY JUDGMENT

The Court of Appeals determined that because Rickard W. was "sued outside the statute of limitations and served outside the grace period . . . the burden shifted to Smeal to prove by evidence that the factual predicates for application of the doctrine of relation back existed." *Smeal*, 10 Neb. App. at 712, 636 N.W.2d at 644. The court concluded that Rickard W. was entitled to summary judgment because Smeal offered no evidence that Rickard W. acquired notice of the suit within the limitations period. We disagree with this allocation of the burden of production.

 If a petition alleges a cause of action ostensibly barred by the statute of limitations, such petition, in order to state a cause of action, must show some excuse tolling the operation and bar of the statute. *Teater v. State*, 252 Neb. 20, 559 N.W.2d 758 (1997); *Meyer Bros. v. Travelers Ins. Co.*, 250 Neb. 389, 551 N.W.2d 1 (1996). Smeal met this pleading requirement by alleging in his second amended petition that it arose out of the same conduct which was the subject of his original petition; that Rickard W. "had notice of Plaintiff's original Petition prior to the time bar" and "will not be prejudiced maintaining a defense"; and that Rickard W. "must or should have known that, but for a mistake concerning identity, the action was being brought against him."

The primary purpose of the summary judgment procedure is to pierce the allegations made in the pleadings and show conclusively that the controlling facts are other than as pled. *City State Bank v. Holstine*, 260 Neb. 578, 618 N.W.2d 704 (2000); *Moore v. American Charter Fed. Sav. & Loan Assn.*, 219 Neb. 793, 366 N.W.2d 436 (1985). Since the party moving for summary judgment has the burden of showing that no genuine issue as to any material fact exists, that party must therefore produce enough evidence to demonstrate his or her entitlement to a judgment if the evidence remains uncontroverted, after which the burden of producing contrary evidence shifts to the party opposing the motion. *Polinski v. Sky Harbor Air Serv., ante* p. 406, 640 N.W.2d 391 (2002); *Morrison Enters. v. Aetna Cas. & Surety Co.*, 260 Neb. 634, 619 N.W.2d 432 (2000); *City State Bank v. Holstine, supra.* In the absence of a prima facie showing that the movant is entitled to summary judgment, the opposing party is not required to reveal evidence which he or she expects to produce at trial to prove the allegations contained in the petition. *Fackler v. Genetzky*, 257 Neb. 130, 595 N.W.2d 884 (1999); *Melick v. Schmidt*, 251 Neb. 372, 557 N.W.2d 645 (1997); *Harrison v. Seagroves*, 250 Neb. 495, 549 N.W.2d 644 (1996).

The evidence offered by Rickard W. in support of his motion for summary judgment consisted solely of copies of pleadings, motions, and orders which had been previously filed in this action. This evidence shows that Rickard W. was first served with summons on February 1, 2000, and thus had notice of the action on that date. However, there is no affidavit or other evidence demonstrating that contrary to Smeal's allegations, Rickard W. had no prior notice of the action by other means. Rickard W. thus did not make a prima facie showing to pierce the allegation in the second amended petition that he "had notice of Plaintiff's original Petition prior to the time bar." Therefore, Smeal had no burden at this stage in the proceedings to offer evidence on the issue of when Rickard W. first became aware of the action. The motion for summary judgment should have been overruled.

## CONCLUSION

The Court of Appeals correctly determined that the relation-back doctrine would make Smeal's claim against Rickard W. timely if it were shown that Rickard W. had notice of the suit by

means other than service of process within a period which included the 4-year limitations period prescribed by § 25-207 plus the additional 6-month period for service of summons permitted by § 25-217. However, the court erred in concluding that the absence of any evidence to establish whether and when Rickard W. received such notice warranted the entry of summary judgment in his favor. Because Rickard W. failed to make a prima facie showing that he did not receive notice of suit within the applicable time period, the entry of summary judgment in his favor was error. We therefore reverse the judgment of the Court of Appeals with directions to reverse the judgment of the district court and remand the cause for further proceedings.

REVERSED WITH DIRECTIONS.